THE STATE OF GEORGIA, plaintiff in error, *vs.* BRADFORD and SNOW, defendants in error.

NOTE.—WARNER, C. J., did not preside in this case.

1. The Act of December 13th, 1862, " to prevent the spread of small pox in this State," is not retroactive; and the State is not liable for expenses incurred prior to its passage, by the Inferior Court of a county, for the benefit of small pox patients.

2. The object of said Act was to prevent the spread of small pox, not to pay the debts already contracted by counties for the benefit of small pox patients.

Complaint under the Small Pox Act of 17th April, 1863. Tried before Judge WORRILL, Muscogee Superior Court, November Term, 1866.

Bradford and Snow sued the State for goods furnished to patients in a small pox hospital upon the order of the Inferior Court of Muscogee County, between the 22d October and 22d December, 1862, worth $107.89.

They proved said order and the correctness of their account, and closed.

The Solicitor General, representing the State, requested the Court to charge the jury that under the Act of 13th December, 1862, the State was not liable for any expenses attending small pox cases which had been incurred prior to the passage of said Act.

The Court refused so to charge, and held that the said Act would cover as well goods purchased before as after its passage.

Plaintiff in error assigns said refusal to charge as requested and the holding of the Court aforesaid as error.

JOHN PEABODY, Solicitor General, for plaintiff in error.

IVERSON and WILLIAMS, for defendants in error.

The State of Georgia *vs.* Bradford and Snow.

WALKER, J.

1. Was the Act of December 13th, 1862, entitled, "An Act to prevent the spread of Small Pox in this State," (pamph., p. 33,) retroactive? By the laws in force at the time of the passing of that Act, the corporate authorities of cities and towns, and the Inferior Courts of the several counties, were authorized to establish hospitals and pest houses under such regulations as would prevent the spread of infectious or contagious diseases. Code, 1315. It is not insisted that prior to the statute of 1862 expenses thus incurred were to be paid by the State. The Act of 1862 authorized the corporate authorities of any city or town, or the Justices of the Inferior Court of each county, when any case of small pox might appear, or had appeared, to provide a hospital, &c., and that said Courts or corporate authorities should make out a "just account of all expenses accruing from *such* quarantine," &c., and the accounts so made out were to be paid out of the State Treasury.

The Act of 17th April, 1863, pamph., p. 162, provides "for the payment of expenses *incurred under*" the Act of 1862. It is by the provisions of this Act of 1863 that this action is brought. It is impossible that expenses incurred before the passage of the Act should be incurred under it. But construing the Act of 1862 by itself, it was not intended to retroact. It proposed to pay for such expenses as should be incurred under it, and did not propose to assume the debts already contracted by Inferior Courts or corporate authorities.

2. The object of the Act was to prevent the spread of small pox, not to pay debts already contracted under laws then in existence. The Court below erred in holding said Act to be retroactive, and the State liable for expenses incurred prior to the passage thereof, and therefore we reverse the judgment and award a new trial.

Judgment reversed.