KOLLOCK VS. THE CITY OF STEVENS POINT.

PRESUMPTION. (1) *That evidence supports verdict, where bill of exceptions not certified to contain all.*

BOARDS OF HEALTH. (2) *Their power as respects contagious diseases. Public not primarily liable for treatment of infected patient.* (3) *Charter construed.* (4) *Case stated. City held not liable for use of room, and infected property destroyed to prevent contagion.*

1. This court is generally bound to presume that there was evidence to support the finding of the court or jury in cases brought here for review, where there is no certificate in the bill of exceptions that it contains all the evidence bearing upon such finding.

2. Secs. 9 and 10, ch. 82, R. S., empower boards of health to provide necessaries and nursing in a " separate house " for persons infected with " small pox or other contagious disease," and, if such patient " cannot be removed without danger to his health," to make provision for him " in the house where he may be." But the statute *does not make the public primarily liable* for the expense of the nursing and necessaries in either case.

3. There is nothing in the charter of the defendant city which makes it in general liable for the expense of the nursing and care of patients therein suffering from small pox or other infectious disease, or for damages resulting to persons in whose households such patients may be during their sickness.

4. A domestic servant of the plaintiff, being sick with small pox, was nursed and cared for in plaintiff's house, which was a hotel in the de-

fendant city, and a portion of the house was necessarily disused for a time, and some of plaintiff's goods, supposed to be infected, were removed and burned at the instance or with the assent of the plaintiff. In this action for the damages, it was error to instruct the jury that it was the duty of the city to take charge of the patient, and that though she could not be removed from the plaintiff's house, yet the city was bound to pay a portion of the expense and damage to plaintiff, "including the goods burned, as having been confiscated by the public."

APPEAL from the Circuit Court for *Portage* County.

Action brought by *Jane Kollock* to recover of the city of *Stevens Point* the value of services claimed by her to have been rendered in taking care of a person infected with small pox, and for the damage sustained by her in the loss of the use of her room occupied by the patient, and other parts of her hotel from which guests were excluded, or which they refused to occupy; and, also, for the destruction of property burned as infected. The summons was for money demand. The complaint alleges that the board of health and the common council of the city made an arrangement or agreement with the plaintiff to keep the sick person at her house during her sickness; that at their request she furnished assistance, boarded an attendant employed by the board of health, furnished a team to assist in the burial of the person after her death, and, at the order of the board of health, delivered up to be destroyed the infected bedding, furniture, etc., for the value of which services, use of room, and property destroyed she demanded judgment. Verdict for the plaintiff, from judgment on which the city appealed. The case is more fully stated in the opinion.

*G. L. Park*, for the appellant, argued from the evidence, that no agreement was proved as alleged in the complaint; that, if the alderman, who acted as one of the board of health, who, it was claimed, had made the agreement, had agreed that plaintiff should be paid, his agreement was void as *ultra vires*. Dillon on Corp., § 381. The right of the state in the exercise of the police power to abate or destroy, to prevent the spread of contagion is plenary, and, when the party authorized to act

keeps within the limits of the authority granted, he is exempted from an action for injury. *Roush v. Walter*, 10 Watt., 86; *Bailey v. City of Philadelphia*, 4 Harr., 389; *Depew v. W & E. Canal Co.*, 5 Ind., 8; Cooley's Const. Lim., 591 to 596; *Moore's Case*, 6 Co., 279. As to the power and liability of municipal corporations in such cases, counsel cited *Richmond v. Long*, 17 Grat., 375; *Stewart v. New Orleans*, 9 La. An., 461; *Murtaugh v. St. Louis*, 44 Mo., 479; *Rudolphe v. New Orleans*, 11 La. An., 242; *Van Wormer v. Albany*, 15 Wend., 262; *Coe v. Schultz*, 47 Barb., 64; *Harrison v. Baltimore*, 1 Gill., 264; Cooley's Const. Lim., 584.

*Raymond & Packard*, for respondent, argued that R. S. 1858, ch. 32, secs. 9 and 10, gave the board of health sufficient authority to make agreements in respect to the attendance upon infected persons, etc.; and the agreements made by them were binding on the city. *Friend v. Dennett*, 4 C. B. (N. S.), 576; *Barton v. New Orleans*, 16 La. An., 317; *Belcher v. Farrar*, 8 Allen, 325; *Hazen v. Strong*, 2 Vt., 427. The complaint alleging an agreement, and the board of health having power to make it, the complaint states a good cause of action. The objection that the verdict is against evidence will not be considered, as the bill of exceptions does not purport to contain all the evidence. It will be presumed that the verdict was sustained by the evidence. *Lain v. Shepardson*, 23 Wis., 224; *Smith v. Carter*, 26 id., 283; *Ripon v. Bittel*, 30 id., 614.

RYAN, C. J. This appeal was argued for the appellant, upon the assumption that all the evidence on the trial below is before us, as it seems quite probable it is. But the bill of exceptions does not so certify. In the absence of such certificate, we are generally bound to presume that there was evidence to support the finding of the court or jury. See opinion of DIXON, C. J., in *Cutler v. Hurlbut*, 29 Wis., 152. The necessity of such a certificate, when such is the fact, and the fact is material, is frequently overlo)ked at the bar; leaving us powerless to consider questions pressed upon us.

But the charge of the learned judge of the court below is so frank and direct, that we are able to pass upon the main question in this case, without having before us all the evidence.

It appears that a domestic of the respondent was stricken by small pox, in the house and service of the respondent; and was probably too ill for safe removal, before removal was thought of. She was not removed; died in the respondent's house, and was buried from it. The house was a hotel; part of it was necessarily disused for a time; and some of the respondent's goods in it, supposed to be infected, were properly removed and burned, at the instance or with the assent of the respondent.

As is unfortunately apt to happen in the presence of disease of such fearful nature, we fear that in this case human feeling for the sufferer became in some measure subordinate to the terror and inconvenience of her disease. And, in the flurry of excitement, it seems to have been taken for granted that the terrrible visitation, except so far as it affected the deceased, was altogether a public concern, not properly peculiar in any way to the house and family of the respondent; that all the responsibility, trouble, expense and loss belonged to the public.

The court below seems to have adopted this theory in part. The learned judge instructed the jury, in effect, that it was the duty of the city to take charge of the patient; and that, though she could not be removed from the respondent's house, yet the city was bound to pay a portion of the expense and damage to the respondent, including the goods burned, as having been confiscated to the use of the patient, and therefore by the public. We do not so understand the law.

We have looked into the appellant's charter, ch. 267 of 1858, and find nothing enlarging the powers or duties of boards of health under ch. 32, R. S. Subd. 22 of sec. 3 of ch. 4 of the charter, cited in the case, does not appear to have any application. There is indeed a provision in the charter, authorizing the city to establish and regulate boards of health, to pro-

vide hospitals and regulate burial; but it does not appear that the city has acted under the power. We shall therefore consider the question under the general provisions of the R. S.

Sec. 9 gives power to boards of health to remove a person sick with small pox or other infectious disease to a separate building, and to provide nurses and necessaries for the patient so removed, which are to be a charge to him, or the parent, or other person liable for his support. Sec. 10 provides that, if the patient cannot be removed, the board shall make like provision for him where he is.

Plainly there is here no purpose to shift responsibility for the expense of caring for the sick; to impose the cost on the public, or to lessen the duties due by others to the sufferer. And the court below well said to the jury that it would be harsh to hold the public liable to the respondent for her misfortune, for all the damage done to her hotel by the sickness of her domestic, contracted in her house and service.

We cannot sanction the notion which seems to have prevailed here, that a domestic servant, as such, may be regarded as a pauper or an outcast. The deceased was a member of the respondent's household, entitled to consideration and protection as such. She was not ejected in life from the respondent's house; and it is not a question here, whether she could have lawfully been so ejected, as she surely could not have been humanely, in her extremity. Neither is the question here, whether or how far the respondent was bound to care for the deceased, or might become liable to the city for necessary expense in the care of a sick member of her household. We hold, and it is enough for this case, that the appellant did not confiscate the respondent's household goods which were burned, and is not liable to her for them or for other damage accruing to her by reason of the sickness of the deceased.

The complaint goes upon a contract of the board of health of the city with the respondent. There is nothing in the evidence before us tending to show such a contract, or any legal

privity of the city in the care of the deceased. Some loose evidence was admitted tending to show that officers of the city assumed to act with some relation to it, and nothing more. We do not hold that the city might not, under any circum stances, have bound itself in the premises to the respondent, or have been liable to her for expenses incurred or damages suf fered by her. But the charge of the court below went on no such special relations, but rested on principle independent of any such. We hold that to be error; and, if all the evidence is given in the bill of exceptions, we are very much disposed to say that the court below should have instructed the jury to find for the appellant.

*By the Court.* — The judgment of the court below is reversed, and the cause remanded for another trial.