## EDWARDS vs. SMITH.

*December 2 — December 16, 1879.*

*Presumption to support judgment.*

Where the court directed the jury to find for the plaintiff, and the bill of exceptions is not certified to contain all the evidence, it is presumed that there was evidence conclusively establishing plaintiff's right to recover, even though the evidence preserved in the record has some tendency to disprove such right. *Kollock v. Stevens Point*, 37 Wis., 348, distinguished.

APPEAL from the Circuit Court for *Green Lake* County.

Action to recover damages for the alleged wrongful, fraudulent and forcible taking of a horse by the defendant from the possession of the plaintiff. Answer: *first*, a general denial; *second*, that the defendant purchased the horse of the plaintiff, and that the plaintiff delivered the horse to him pursuant to the contract of purchase.

The jury, by direction of the court, found for the plaintiff, and assessed his damages at $110; and from a judgment pursuant to the verdict, the defendant appealed. The case is further stated in the opinion.

For the appellant, there was a brief by *Fish & Thompson*, and oral argument by *Mr. Thompson.*

The cause was submitted for the respondent on the brief of *Waring & Ryan.*

Lyon, J. By directing the jury to find for the plaintiff, the court necessarily held that the evidence conclusively established his right to recover.

The bill of exceptions is not certified to contain all of the evidence; and it is firmly settled by repeated adjudications of this court, that, in the absence of such certificate, we cannot review on appeal the rulings of the court below on any mere question of fact.

Error will not be presumed. On the contrary, all reasonable presumptions are in favor of regularity. Hence, without the testimony, and the whole of it, before us, we must presume that it conclusively established the plaintiff's right to recover, and that the court ruled correctly. It is quite immaterial if the testimony preserved in the record tends, or seems to tend, to disprove the plaintiff's right of action. The presumption in that case is that other testimony was given on the trial, which destroys the force of that preserved.

The learned counsel for the defendant does not controvert the general rule above stated, but claims that this case is not within it. His position is that the case is ruled by *Kollock v. Stevens Point*, 37 Wis., 348, wherein the judgment of the circuit court was reversed for error in an instruction to the jury, although a certificate that the bill of exceptions contained all of the testimony was wanting.

In that case the plaintiff sued the city for her services in the care of a person in her house infected with the small-pox, who afterwards died, for services and expenses incurred in the burial of the deceased, and for certain of her goods which were burned, and for the loss of the use of portions of her hotel, because of the infection. She alleged in her complaint

a special agreement with the proper city officers to render such services. The judge instructed the jury in effect that, in the absence of any special agreement, the city was liable for a portion, at least, of such expense and damage to the plaintiff, including the goods burned. This instruction was held erroneous, and the judgment was accordingly reversed.

The distinction between the two cases is this: In *Kollock v. Stevens Point* the judgment of the circuit court was reversed because the judge gave the jury an erroneous rule of law — a rule which no state of facts would justify; while in this case the instruction or direction to find for the plaintiff involved no proposition of law, but only an assumption of fact, presumably correct as the record stands.

The true rule seems to be, that, if no possible testimony would sustain a material ruling or direction of the court, the judgment will be reversed on the appeal of the party against whom the ruling is made, although the testimony is not preserved. But the judgment will not be reversed because of a ruling which might be upheld by possible testimony, unless the whole of the testimony is preserved in the bill of exceptions, evidenced by the proper certificate. But perhaps this is little or nothing more than a statement of the distinction between a proposition of law and one of fact. The judgment in *Kollock v. Stevens Point* went upon an erroneous proposition of law; while in this case error is assigned upon a proposition of fact, and the record does not furnish the means of determining that it is erroneous.

*By the Court.* — The judgment of the circuit court is affirmed.