THE CITY OF CLINTON v. THE COUNTY OF CLINTON.

1. **Pauper**: INFECTED PERSONS HAVING NO SETTLEMET: LIABILITY OF COUNTY FOR CARE OF. Where an infected person coming from abroad, and having no settlement in any county in this state, is cared for by the board of health of a city, under sections 21 and 22 of chapter 151, Laws of the Eighteenth General Assembly (McClain's St. 455), and the expense of such care cannot be collected of such person, or of others liable for his support, the county in which the care was furnished is liable to the city therefor.

2. ———: ———: EXPENSES FOR WHICH COUNTY IS LIABLE. In such case, where the local board of health adopted the plan of providing for the infected person in the family where he happened to be, and isolated the family for the protection of the inhabitants, the county was liable to the city, not only for food furnished the infected person, but also for that furnished to the isolated family. And where, for the protection of the inhabitants, the board of health caused the clothes worn by members of the isolated family to be burned, and furnished them new clothes instead, the expense of such new clothing was properly chargeable to the county. And in such case the county was liable also to the city for reasonable compensation paid to a physician for attendance upon the infected person.

*Appeal from Clinton Circuit Court.*

SATURDAY, JUNE 9.

ACTION to recover for expenses alleged to have been incurred in providing for certain persons infected with small-pox, and in providing for the safety of the inhabitants. There was a trial to the court, and judgment was rendered for the plaintiff. The defendant appeals.

*A. R. Cotton*, for appellant.

*A. R. McCoy*, for appellee.

ADAMS, J.—One of the persons provided for was one Christina Shutt, who, at the time she was taken sick with

1. PAUPER: infected person having no settlement: liability of county for care of.

small-pox, had come to Clinton a few days before, with the intention of making that city her home. She was a native of Denmark, and had not gained a settlement elsewhere. The statute upon which

the plaintiff relies, (sections 21 and 22, chapter 151 of the Laws of the Eighteenth General Assembly; McClain's Statutes, 455), provides, where relief is furnished as in this case, for charging the county to which the sick or infected person belongs.

The defendant insists that a person belongs only to the county in which he has a settlement, and if the sick or infected person has no settlement in this state, no county can be charged.

The statute, however, above cited, makes it the imperative duty of the local board of health to provide for such person regardless of his settlement, and if no county can be charged, there is no provision in the statute in question for the payment of their expenses. It appears to us that where there is no settlement, the sick or infected person must be deemed to belong to the county where the relief becomes necessary.

We proceed next to examine certain items which the defendant insists ought to have been rejected. One is for food 2. ——: ——: and clothing furnished persons other than the expenses for which county sick. Under the statute above cited, it becomes is liable. the duty of the local board of health to provide for the removal of the sick, if he can be removed, and if not, then to provide for him where he may be, and also to provide for the safety of the inhabitants.

In the case at bar, the sick persons were not removed, but were provided for in the houses respectively where they happened to be. No question is raised as to the proper exercise of the discretion of the board in this respect. Only two families were afflicted, and the means adopted for the safety of the inhabitants was the confinement of the members of these two families within their respective houses, with the view of securing as complete isolation as might be practicable. The prompt arrest of the contagion and extinguishment of the disease demonstrate the wisdom of the board.

The isolation, however, was necessarily continued through several weeks and during at least a part of this time it was

found necessary to supply the two families with food. Not all the members were sick, and yet all necessarily shared in the food. The defendant insists that it cannot be charged, under the statute in question, for food furnished to well persons. It insists that a county can be charged with only those expenses for which the sick person is primarily liable, and it contends that neither of the sick persons in this case could be charged with food furnished to either of the well persons. But, in our opinion, its position cannot be sustained. The well persons, without doubt, constituted the nurses and attendants of the sick ones. If so, the food furnished constituted a part of the expense of the sickness. But it constituted a part of the expense in another and more important sense. It was a part of the expense of isolation, and while that was adopted for the safety of the inhabitants, it was made necessary by the sickness. Section 21 of the statute provides expressly for the removal of the sick person for the safety of the inhabitants, and for charging the expenses to the sick person. The expense of isolation is precisely of the same character.

It is true that we find isolation provided for only by the general words, "such other measures as may be deemed necessary for the safety of the inhabitants;" and we find that provision only in section 22, which contains no provision whatever for expenses. The only provision for expenses is to be found in section 21. But sections 21 and 22 should be taken together. Whatever expenses are incurred under either section are, we think, to be charged alike. In our opinion, they are to be construed as if the provision of both sections had been embraced in one section, and the provision as to charging had been placed at the close. If we are correct, then the sick person is properly chargeable with all the expenses which may properly be incurred under either section, including the expenses of removal, if that is adopted, and the expense of isolation, if that is adopted; and we think

that the county is ultimately liable for the same, if the sick person and those liable for his support are unable to pay.

. The board caused the clothing worn by the members of the families to be burned, and supplied other clothing. The burning of the clothing was necessary for the safety of the inhabitants. The payment therefor, or supply of other clothing, was an expense necessarily incident to the sickness. It was, we think, primarily chargeable to the sick person and those liable for his support, and secondarily to the county.

The court allowed a recovery of $185 as money paid the attending physician, Dr. Smith. The defendant insists that in this the court erred. Its objection is based upon the ground that Dr. Smith had been employed and paid by the year. by the county to attend to all such poor persons as he should be required to attend to under the directions of the overseer of the poor. Its objection is based upon the further ground that Dr. Smith was employed by the year by the board of health. As to the first ground, it is to be said that the services in question were not rendered under the directions of the overseer of the poor, and perhaps could not have been properly, so long as the board assumed exclusive control. As to the second, it is to be said that, while Dr. Smith was employed by the board of health at $300 per year, the court found that $185 was such proportion of $300 as the services in question bore to the year's services. Possibly it should have appeared in evidence, if it did not, that the aggregate charges amounting to $185 were all reasonable. But the evidence is not set out, and no question is raised by the appellant upon this point. We see no error, and the judgment must be

AFFIRMED.