## STAPLES v. PLYMOUTH COUNTY.

1. **Board of Health:** POWER TO BIND COUNTY FOR MATERIALS FOR A PEST HOUSE. Under the provisions of chapter 151, Acts of the Eighteenth General Assembly, the board of health of a city has power to bind the county to pay for materials used under the direction of such board to build a pest house to prevent the spread of a contagious disease; and it would *seem* that the cost of such house, being incurred for the public good, could not be charged to the infected person or persons confined therein.

2. **Practice in Supreme Court:** OBJECTION TOO LATE. The insufficiency of a petition in a law action cannot for the first time be raised in this court.

3. **Statutes:** REPEAL OF BY ENACTMENT OF CODE OF 1873. All public and general statutes passed prior to the enactment of the Code of 1873, and not re-enacted, were repealed thereby; (Code § 47;) and § 8, chapter 107, Acts of the Eleventh General Assembly was thus repealed.

*Appeal from Plymouth District Court.*

MONDAY, DECEMBER 10.

ACTION to recover for the value of certain lumber furnished by plaintiff upon the request of the board of health of the city of LeMars and the overseer of the poor, which was used in building a pest house necessary for the proper care of certain persons found in the city afflicted with the small pox. A demurrer to the petition was sustained, and the plaintiff standing upon the petition, judgment was rendered against him. He now appeals.

*G. W. Argo* and *T. P. Murphy*, for appellant.

*J. C. Kelly*, for appellee.

BECK, J.—I. The petition alleges that a large number of persons residing in Le Mars being sick of small pox, and others being exposed to the contagion, and the welfare and safety of the people demanding that they should be removed

to a building apart from the other inhabitants, to prevent the spread of the contagion, the board of health of the city, being unable to procure such a building, proceeded to erect a suitable hospital, wherein the small pox patients should be kept and treated. The lumber in question was furnished by plaintiffs upon the request of the board of health and the overseer of the poor, and used in erecting the hospital. It is shown that the account for the lumber was approved by the board of health, and presented to the supervisors of the county, and rejected by them.

The demurrer is upon the grounds: 1. That the defendant is not authorized by law to erect hospitals, and cannot be made responsible therefor. 2. That the board of health of the city and the overseer of the poor are not authorized by law to bind defendant by a contract for the lumber. 3. That defendant is not authorized by law to own or become indebted for hospitals or pest houses. 4. That the city, being alone authorized to erect such buildings, is liable for the cost thereof. No other grounds of demurrer are stated.

II. Under chapter 151, Acts of the Eighteenth General Assembly, § 13, the mayor and aldermen of each city, or the mayor and council of each incorporated town, constitute a board of health, and are clothed with authority prescribed by the act. This provision supersedes and repeals Code, § 525, which authorized the city councils to establish boards of health. The authority of the board of health is prescribed by the act, which, as to these matters, repeals Code, § § 415–418, specifying the power of boards of health existing under the Code. We must, therefore, determine the authority of boards of health by consulting the act above cited. Section 21 provides that, "When any person coming from abroad, or residing in any city, town, or township within the state, shall be infected, or shall lately have been infected, with small pox or other sickness dangerous to the public health, the board of health of the city, town, or township where said person may be, shall make effectual provis-

ion, in the manner in which they shall judge best, for the safety of the inhabitants, by removing such sick and infected person to a separate house, if it can be done without damage to his health, and by providing nurses and other assistance and supplies, which shall be charged to the person himself, his parents, or other persons who may be liable for his support, if able; otherwise to the expense of the county to which he belongs."

This statute requires and authorizes the board of health to "make effectual provision, in the manner in which they shall judge best, for the safety of the inhabitants, by removing such sick and infected person to a separate house." The law contemplates the isolation of infected persons, and directs that "effectual provision" therefor shall be made by the board of health. This is demanded by humanity and has long been known to be the effectual method of arresting the spread of contagion. Public policy demands that the spirit of the statute shall be regarded and enforced. The board of health is authorized to do whatever is necessary in order to make "effectual provisions" for the isolation of infected persons. *The City of Clinton v. The County of Clinton*, 61 Iowa, 205. In order to isolate the patient, he may be removed to a separate house. If no suitable house may be had, or if a temporary pest house or hospital may be erected at less cost than the rent of such house, the board of health, in the exercise of wise discretion, may provide such temporary building. This they would be authorized to do in the exercise of these general powers under the section, for it is incidental thereto. They could not otherwise make "effectual provision for the safety of the inhabitants."

The expense of providing a place for isolating the infected person is a part of the expense incurred in rendering "effectual provision for the safety of the inhabitants," which the statute directs and requires, and, under the express language of the section quoted, such expenses are chargeable to the county.

III. It will be observed that such expenses are primarily chargeable to the infected person, and the county is only liable in case of his inability to pay them. The petition does not allege the inability of the persons sent to the hospital to answer for the expenses incurred. Counsel for defendant now insist that the petition is void on account of the absence of such allegation. But no such objection was raised by the demurrer, or in any other manner made, in the district court. It cannot be first presented here.

IV. A question may arise under the statute as to the liability of a solvent infected person to pay the expenses of erecting a hospital or pest house. As it is not presented in the case, we do not consider it. We may, however, suggest that such expense, which is incurred for the benefit of the inhabitants of the city by providing for the isolation of an uncertain number of infected persons, would with difficulty be apportioned to such as would be liable therefor, if indeed it could be done at all. Besides, it would be a great hardship upon the unfortunate subjects of infection to impose upon them the expense incurred, not for their own benefit, but for the benefit of the people. It would be quite as just to include in the estimates of the cost of keeping paupers or the insane the expenses of erecting poor houses or hospitals.

V. Counsel for defendant insists that chapter 107, Acts of the Eleventh General Assembly, section 8, which authorizes boards of health to establish pest houses and hospitals, is not repealed by chapter 151 of the Acts of the Eighteenth General Assembly, above referred to, and is, therefore, still in force. We think differently. The last named act in express language (§ 25) repeals all prior acts in conflict with its provisions. The first charges the cities with the expense of providing pest houses; the last, as we have seen, holds the counties liable therefor. Here is a direct conflict. The last act prevails and the first is repealed. But, further than this, the subject of the act of the Eleventh General Assembly,

which pertains to the establishing of boards of health and their duties and powers, was revised by the Code of 1873, and the provisions of the eighth section are not re-enacted. It is, therefore, repealed. Code, § 47. See also § § 415–420, 525.

It is our conclusion that the district court erred in sustaining the demurrer. Its judgment is therefore reversed, and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.