## Town of Montgomery *vs.* County of Le Sueur.

### December 16, 1884.

Contagious Diseases—Action by Town against County.—Upon a state
of facts making "nurses, medical attendance, and other necessaries,"
provided by a town, a proper charge in favor of said town "upon" a
county, under Gen. St. 1878, c. 10, § 62, the liability and duty of the
county to pay for the same, does not at all depend upon the fact that the
town has paid or issued its orders for them. The fact that the town has
*provided* them is all that is necessary to entitle it to present its claim to
the county for allowance and payment.

The plaintiff presented to the board of county commissioners of
Le Sueur county a bill of many items of expense incurred for food,
medical attendance, etc., furnished by plaintiff's supervisors, act-
ing as a board of health, to 12 residents of the town who were in-
fected with small-pox, and none of whom nor their relatives were able
to pay any part of the expense incurred. The claim being disallowed
by the board, the plaintiff appealed to the district court for the same
county, where the appeal was heard by *Macdonald*, J., who found
that the town had incurred the expenses set forth in the itemized bills,
amounting to $1,332.12; that for $865.35 of this amount the town
had issued its orders, which were still outstanding and unpaid; that
these orders included items amounting to $13.50 which were not a
legal charge against defendant, and that no part of the $1,332.12
had been paid by plaintiff. On these findings judgment was ordered
and entered for plaintiff for $851.85, with interest and costs, and the
plaintiff appealed.

*J. W. Hammond*, for appellant.

*Thos. Hessian*, for respondent.

BERRY, J. Section 62, chapter 10, Gen. St. 1878, enacts that when
any person, residing in any town, is infected with small-pox, the
board of health of such town may immediately cause him to be re-
moved to a separate house, if it can be done without damage to his
health, and shall provide for him "nurses, medical attendance, and
other necessaries, which shall be a charge in favor of such town upon

the person so provided for, his parents, guardian, or master, if able; otherwise upon the county to which he belongs." When, as in the present instance, the facts are such as to make the nurses, medical attendance, and other necessaries provided under this statute a proper "charge" in favor of a town "upon" a county, the liability and duty of the county to pay for the same does not at all depend upon the fact that the town has paid or issued its orders for them. The fact that the town has *provided* them is all that is necessary to entitle it to present its claim to the county for allowance and payment. The county is of course liable only for the *reasonable* expense or cost of the provisions made by the town in the premises. As a short road to justice, without regard to technicalities, we think it best to reverse the judgment and set aside the findings of the court, and remand the case for further proceedings in accordance with the views above expressed.

Ordered accordingly.