GILL v. APPANOOSE COUNTY.

1. **County:** LIABILITY FOR EXPENSE OF SMALL-POX PATIENTS. A
county is liable for expense incurred by a board of health in the case of
persons afflicted with small-pox, under § 21, Chap. 151, Laws of 1880,
only when the patients themselves, or those who are liable for their sup-
port, are unable to make compensation therefor.

2. ———: PAYMENT OF PART OF CLAIM: ESTOPPEL TO DENY BALANCE.
A county is not estopped, by the payment of a part of an illegal demand,
from denying its liability for the balance of it.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, DECEMBER 16.

ACTION to recover compensation for care, nursing and ser-
vice rendered by plaintiff to certain persons sick of the
small-pox. There was a judgment for plaintiff, upon a ver-
dict, for a sum less than her claim. She now appeals to this
court.

*A. J. Baker*, for appellant.

*Vermilion & Evans*, for appellee.

BECK, CH. J.—I. The plaintiff brings this action to recover for services rendered to three persons sick of the small-pox; one of them, a woman, being sent by the board of health to the pest-house, and the others permitted to remain in their own house. The services to all of these persons were rendered at the instance and upon the request of the board of health. The plaintiff recovered for the service rendered to the woman sent to the pest-house; the petition alleging that she was a pauper, and there was evidence introduced tending to show that fact. But there was no such allegation or proof as to the other persons, and for that reason the court directed the jury to find for the defendant upon the claims for service rendered to them. Questions involving the correctness of this ruling are the only ones presented in the case.

*1. COUNTY: liability for expense of small-pox patients.*

II. If the defendant is chargeable at all in this action, its liability arises under chapter 151, § 21, Acts Eighteenth General Assembly, (Miller's Code, page 425,) which is as follows: "Sec. 21. When any person coming from abroad, or residing within any city, town or township within the state, shall be infected, or shall have been lately infected, with small-pox, or other sickness dangerous to the public health, the board of health of the city, town or township where said person may be shall make effectual provision, in the manner in which they judge best, for the safety of the inhabitants, by removing such sick or infected person to a separate house, if it can be done without damage to his health, and by providing nurses and other assistance and supplies, which shall be charged to the person himself, his parents, or other person who may be liable for his support, if able; otherwise at the expense of the county to which he belongs." This provision will bear no other interpretation than that the county is liable for the care of the sick persons contemplated in the statute only in case they, or the persons liable for their support, are not able to make compensation therefor. It is not necessary to inquire as to the operation of the statute. It

plainly provides that the county shall be liable only upon the conditions specified. Upon these conditions the county's liability depends, and it cannot be established until it is shown that the facts exist which are contemplated by the statute. It is therefore very plain that the burden of proving these facts rests upon the plaintiff. If they are not shown, plaintiff fails to establish a cause of action. The ruling of the circuit court was therefore correct.

III. But counsel for plaintiff insist that, as it was shown that the county allowed plaintiff a part of her claim, it cannot now deny indebtedness for the balance; being estopped by such partial payment. This position is not sound. As it was not shown that the county is liable under the conditions of the statute, the payment made was simply a gratuity, or was rather made in violation of law. The county cannot be bound by such unlawful act of its officers. There is no estoppel in the case, because plaintiff did not change her condition, assume any obligation, or do or suffer anything which ought to preclude the defendant from denying its liability. Surely the county cannot be estopped by the unlawful act of its supervisors.

*2. ——: payment of part of claim: estoppel to deny balance.*

The foregoing considerations dispose of all questions in the case.

AFFIRMED.