JOHN T. TWEEDY v. FREMONT COUNTY, Appellant.

**Care of Poor:** POWER OF BOARD OF HEALTH: *Construction of statute.* Local boards of health of towns or cities within a county, may, under Acts Eighteenth General Assembly, chapter 151, section 14, giving them the right to regulate the fees of persons employed by them, bind the county for the payment for specified fees for services and necessaries to be furnished by a physician to a pauper patient who is a charge upon the county, and to that extent, the said act repeals Code, section 1366, which provides that claims for caring for the poor shall be paid by the county, if the board is satisfied that such are reasonable and proper.

**Pleadings:** AID TO PAUPER    The complaint, in an action by a physician against a county, for services and necessaries furnished a pauper charge on the county, under contract for compensation therefor, with a duly authorized board of health of one of its towns, must, to state a cause of action under Acts Eighteenth General Assembly, chapter 151, section 21, providing that the expense of caring for a pauper patient is in the first instance, a charge upon the relatives of such pauper, allege that the patient has no relatives, who are liable and able to pay for such services and necessaries, and this not done by pleading that the person relieved was a pauper patient and county charge. It is doubtful whether such averment properly alleges that the patient, even, was unable to repay.

*Appeal from Fremont District Court.*—HON. A. B. THOR-
NELL, Judge.

THURSDAY, OCTOBER 29, 1896.

ACTION at law to recover for services rendered, and supplies furnished a pauper. A demurrer to one count of the petition was overruled. The defendant refused to plead further, and appeals.—*Reversed.*

*Hammond & Stevens* for appellant.

*W. E. Mitchell* for appellee.

ROBINSON, J.—The demurrer is to the first count of the petition. The material facts which are set out in that count, and admitted by the demurrer, are substantially as follows: The plaintiff is a physician, engaged in the general practice of medicine in Tabor, Fremont county, Iowa, and the defendant is an organized county of this state. In October, 1894, there was in existence a duly organized board of health in the incorporated town of Tabor, which employed the plaintiff to attend, in his professional capacity, a patient named Holmes, for the sum of six dollars per visit, and to furnish him with necessary supplies. Under that agreement, the plaintiff made to Holmes thirty-four visits, and furnished him with fruit to the value of one dollar; all of which were proper and necessary for the patient. The plaintiff afterwards prepared a claim for the services so rendered and the fruit furnished, in the sum of two hundred and five dollars. The chairman and clerk of the Tabor board of health certified that the claim was correct, that the charges were reasonable and fair, and that it was approved by the board of health and recommended to the board of supervisors of Fremont county for payment. The claim, duly verified by the plaintiff, with the certificate of the board of health, was then presented to the board of supervisors, but was by them rejected and payment refused. The statement of the count in regard to Holmes is that when the plaintiff was employed, and while he was rendering the services and furnishing the supplies in question, Holmes was "a pauper patient," and "a charge upon the defendant." The grounds of the demurrer are that the count does

not show that the plaintiff is entitled to any relief, for the following reasons: (1) That it does not allege that there was a duly authorized board of health in the town of Tabor, or, if there was such a board of health, that it was acting in the manner required by law at the time the alleged contract was entered into; (2) that the count does not allege that Holmes was unable to pay for the services of the plaintiff, or that those who were bound for his support were unable to pay the same, as required by law; (3) that the board of health had no authority to enter into a contract with the plaintiff fixing the compensation he should receive, and thereby bind the defendant.

I.   Of the ground of demurrer which we have set out as the first, we need not say more than this:   It is not supported by the record.   The first count of the petition avers that there was a duly organized board of health of the town of Tabor, which acted as such in entering into the contract in question.

II.   Section 21 of chapter 151 of the Acts of the Eighteenth General Assembly is as follows:   "When any person coming from abroad, or residing within any city, town or township within this state, shall be infected, or shall lately have been infected with small pox or other sickness dangerous to the public health, the board of health of the city, town or township where said person may be, shall make effectual provision, in the manner in which they shall judge best, for the safety of the inhabitants, by removing such sick or infected person to a separate house, if it can be done without damage to his health, and by providing nurses and other assistance and supplies, which shall be charged to the person himself, his parents or other person who may be liable for his support, if able; otherwise at the expense of the county to which he belongs."   The first count of the petition does not in terms allege that Holmes was

unable to pay the claim in controversy, although his inability may be inferred from the statements that he was a pauper patient and a charge upon the county. We do not approve that method of pleading, but should not be inclined to reverse the ruling of the district court for that defect alone. The father, mother, and other relatives of a poor person who is unable to maintain himself by work, may be required by the trustees of the township where he is, to relieve or maintain him if he has applied for aid. Code, sections 1330, 1331. The county may be made liable under the section which we have quoted only when the person assisted, and his parents or other persons liable for his support, are unable to pay for the services rendered and supplies furnished. Therefore, before the plaintiff can recover on the claim he makes, it must appear that Holmes and the persons liable for his support are unable to pay the claim. Conceding that his inability to pay is made to appear, the fact that he is a pauper and a county charge does not show that there is no relative who is liable for and able to pay it. It frequently happens that the needs of a poor person are so urgent that relief must be furnished him at the expense of the county, for the lack of time to compel relatives who are liable for his support to relieve him. See *Jasper County v. Osborne*, 59 Iowa, 212 (13 N. W. Rep. 104). In such a case, the person relieved is a county charge, although the county may be able to recover from his relatives the sum which it has paid on his account. Code, section 1350. It was necessary for the plaintiff to show that Holmes and his relatives were unable to pay his claim. *Gill v. Appanoose County*, 68 Iowa, 20 (25 N. W. Rep. 908). Therefore it was necessary to plead that fact, and since it was not done in the count under consideration, we conclude that the demurrer should have been sustained.

III.· We are next required to determine whether, if the county is liable to the plaintiff for the services in controversy, its liability is to be measured by the contract made by him and the board of health.  It is made the duty of the board of supervisors of a county to "examine, settle and allow all just claims against the county, unless otherwise ·provided for by law." Code, section 303, sub-division 4. It also has, and may exercise "all the powers in relation to the poor, given by law to the county authorities." Code, sub-division 21.  Section 1366, provides, that "all claims and bills for the care and support of the poor shall be certified to be correct by the poor trustees, and presented to the board of supervisors, and if they are satisfied that they are reasonable and proper, they are to be paid out of the county treasury."  If these were the only provisions applicable to the allowance of expenses incurred on account of poor people, it might be said, that the power to determine what claims shall be allowed, is vested exclusively in the board of supervisors.  But boards of health are authorized, and their powers are prescribed, by other statutes.  Section 13, of Chapter 151, of the Acts of the ·Eighteenth General Assembly, makes the mayor and aldermen of each incorporated city, the mayor and council of each incorporated town and village, and the trustees of each township, boards of health, within the limits · of· their respective cities, towns, and townships.  Section 14 provides, that "every local board of health shall appoint a competent physician to the board, who shall be the health officer within its jurisdiction, and shall hold his office during the pleasure of the board." Also that "the local boards shall also regulate all fees and charges of persons employed by them in the execution of the health laws and of their own regulations." Sections 415–418 of the Code were repealed by that

act, *Staples v. Plymouth County*, 62 Iowa, 364 (17 N. W. Rep. 569); and sections 419, 420, if still in force, are not applicable to any questions raised by the demurrer. The facts admitted by the demurrer show that the plaintiff was employed by the board of health of the incorporated town of Tabor; that his fees were fixed by that board, and that in doing what it did, it acted within the scope of its powers and duties as prescribed by law. To give the board of supervisors the right to regulate fees and charges of persons employed by local boards of health would be inconsistent with the power conferred by section 14 of the act cited. As that is the latest enactment on this subject, it must prevail. It is well to say in this connection, that no question of mistake, fraud, or bad faith on the part of the plaintiff or the board of health is involved in this case. So far as is shown, the compensation fixed by the parties for the services rendered was reasonable and just, and they are shown to have been necessary. For the error pointed out, the order of the district court in overruling the demurrer is REVERSED.