E. Schmidt, Appellant, v. Muscatine County.

**Board of Health:** DISINFECTION OF PROPERTY: LIABILITY OF COUNTY.
1   The compensation and expense incurred by one employed by a city board of health to disinfect the dwellings and contents of quarantined persons, who have been afflicted with contagious disease, is not a charge against the county, and there is no statutory authority for its payment by the county.

**Same:** DISINFECTING PEST HOUSE. A county is not liable for the cost
2   of disinfecting its pest house until after notice by the board. of health and opportunity to do the work itself.

*Appeal from Muscatine District Court.*—Hon. W. F Brannan, Judge.

Saturday, April 11, 1903.

The petition and first amendment thereto allege plaintiff's employment by the board of health of the city of Muscatine to disinfect "various houses and places where persons afflicted with smallpox had been kept or resided * * * at the expiration of the quarantine period, the said disinfecting being necessary for the protection of the public health before quarantined persons should be permitted to go at large;" that he had disinfected forty-nine houses, at the agreed compensation of $10 each, and had made use of materials which cost $75; that neither the persons for whom the services were rendered nor those legally responsible therefor were able to pay; that the houses were the homesteads of the parties occupying them; that the claim duly certified by the board of health had been presented to and rejected by the board of supervisors. The second amendment alleges employment "to disinfect certain houses" as before, and that eight additional houses, were disinfected, and that materials costing $18 were made use of in so doing.   In the third amendment to the peti-

tion he alleged further: "That under and by virtue of the contract of employment he had with the board of health of the city of Muscatine he was required, at the expiration of the quarantine period, and after the persons afflicted with smallpox had recovered and were entitled to be permitted again to go at large, except for the disinfecting, to disinfect all clothing and furniture used by the said persons, and which were in the apartment occupied by them when suffering from said smallpox; and in the disinfecting of the clothing, furniture, etc., of the said various persons whose names and places of residence are set out in the original petition as amended; and he states that the disinfecting of the personal effects in the rooms and houses occupied by such persons, as done and performed by him, served the double purpose of disinfecting the clothing and effects, and at the same time disinfecting the houses and buildings; and he states that the primary necessity for disinfection, so far as the protection of the public is concerned, is the freeing of the clothing of the persons who have been afflicted or exposed from the germs of said disease, for, if said clothing is not disinfected or destroyed, the persons going at large with said clothing containing said germs would be and constitute a menace to the public health, and, if said clothing had been destroyed, new clothing would have to be purchased at the expense of defendant, and the expense of the same would have amounted to thousands of dollars." To the petition as thus amended the defendant demurred on the ground, in substance, that the statutes do not authorize such services to be performed at the expense of the county. The demurrer was sustained, and as plaintiff elected to stand on the ruling, the petition was dismissed, and he has appealed to this court. — *Affirmed.*

*Horan & Devitt* for appellant.

*Ed. P. Ingham* and *J. R. Hanley* for appellee.

Ladd, J.—The plaintiff's services were rendered in disinfecting houses with contents, in which persons afflicted with smallpox had resided or had been kept, at the expi-

1. Disinfection of property; liability of county.

ration of the quarantine period, and before they were permitted to depart and mingle with the people. Were these, under the circumstances alleged, proper charges against the county? The statutes must answer this question. We find none requiring the county in any contingency to meet the expense of staying the spread of disease by cleansing the personal property or realty of individuals. Appellant seems to rely on sections 1040 and 1041 of the Code. See also, section 2570. The first of these relates solely to the care of the sick or infected individual by removal "to a separate house, if it can be done without injury to his health and by providing nurses and other assistance and supplies, which shall be charged to the person himself, his parents, or other persons liable for his support, if able; otherwise the county." Section 1041 pro vides that, in event removal would be dangerous to health, "the board shall make provision for him as directed in the preceding section, in the house in which he may be and in such case may cause the persons in the neighborhoo l to be removed, and take other means as may be deemed necessary for the safety of the inhabitants."

These sections, although somewhat differently worded, are of the same import as sections 21 and 22 of chapter 151, page 146, of the Eighteenth General Assembly. They relate primarily to the care of the sick or infected individuals, and by no reasonable construction can they be said to involve the cleansing of personal property or realty for the sole purpose of preventing or staying the spread of disease. The object in fixing responsibility for the expenses upon the county in event it cannot be otherwise collected is to secure to the indigent humane treatment

through isolation without hazarding the safety of the public  But that responsibility extends no further than to effect this object.  With the recovery of the patient its liability ends.  This much has been settled by our former decisions under sections 21 and 22, just mentioned. In *City of Clinton v. Clinton County*, 61 Iowa, 205, the supply of clothing to take the place of that burned was held the proper expense in the care of a patient, and it was said: "The sick person is properly chargeable with all the expenses which properly may be incurred under either section, including expenses of removal, if that is adopted, and the expense of isolation, if that is adopted." The case lends no support to appellant's contention.  Had recovery been sought for the clothing burned, it would have been more in point.  *Staples v. Plymouth County*, 62 Iowa, 364.  In *Gill v. Appanoose Co.*, 68 Iowa, 20, the court, in referring to section 21, observed that: "It plainly provides that the county shall be liable only upon the conditions specified.  Upon these conditions the county's liability depends, and it cannot be establised until it is shown that the facts exist which are contemplated by the statute."  *Tweedy v. Fremont Co.*, 99 Iowa, 721.

It was not the intention of the statutes to cast the burden of destroying the seeds of disease upon the unfortunate victim alone, but rather leave that for those directly benefited thereby, or the local municipality.  If there be personalty or realty which ought not, in its present condition, to be used without renovation, can there be any doubt as to who should meet the expense necessary to render it available for use?  The owner is primarily interested, and will be directly benefited.  The situation may be due to no fault on his part.  It certainly has not resulted from any wrong done by the county.  It is incident to the ownership of property, and we can think of no reason for relieving the owner from his obligation to care for his own, and to so do as that it shall not become or

continue a menace to the health and welfare of the community.   Evidently the legislature entertained this view concerning the obligations of private ownership in enacting section 1037 of the Code:  "The board when satisfied upon due examination, that any cellar, room, tenement or building in said city, occupied as a dwelling house, has become by reason of the number of inhabitants or want of cleanliness or other cause, unfit for such habitation, and a cause of nuisance or sickness to the occupants thereof or to the public, may issue a notice to the occupants thereof or any of them, requiring the premises to be put into a proper condition as to cleanliness or health, or may require the occupants to remove from the premises within such time as the board deems reasonable   If the person so notified neglect or refuse to comply with the terms of the notice, the board may cause the premises to be properly cleaned at the expense of the owners of property, or the board may remove the occupants forcibly and close up the premises and the same shall not again be occupied as a dwelling place until put in a sanitary condition to the satisfaction of the board."   Section 1044, in connection with other matters, enacts that cities under special charter "shall also have power to provide and shall provide for the assessment of all expenses incurred by said board and said cities, in consequence of the failure or neglect of any owner or occupant of the property to comply with any order of such board, upon the real estate upon which expenditures are made or expenses incurred, and it shall be a lien thereon from the time said work is done, and may be assessed, levied and collected as other special assessments, and may be collected and the lien enforced by civil action in any court of competent jurisdiction."

These are the only statutory provisions relating to the collection of such expenses.   To them appellant interposes the objections (1) that they may not be established as a lien against a homestead; (2) that the special assessment

would be illegal because not according to the benefits accruing; and (3) it would be unjust to exact from the landlord costs occasioned by misfortunes of the tenants. To these the ready answers are: First, that the homestead is not made by the statute exempt from taxes and special assessments; second, the assessment is for an expense necessary to render the property available for use, and whether according to the benefits received would, in any event, be a matter of evidence; and, third, that, regardless of differences between the landlord and the tenant, the former is primarily responsible for the care of the property, and is the one who really derives the advantage of its renovation and preparation for future occupancy. But, even were these objections tenable, in the absence of any statutory provision, such expenses could not be incurred at the expense of the county.

II.    Appellant insists, however, that the expense of disinfecting the county's pesthouse was a proper charge. This might have been true had the owner been first noti-

2. SAME: disinfecting pest house. fied and given an opportunity to do the work. It is elementary that such statutes must be strictly pursued in order to charge the owner, and, as the board of health directed the house to be disinfected without notice or failure to comply therewith, no recovery can be had.—AFFIRMED.