DODGE COUNTY, NEBRASKA, v. HERMAN DIERS.

FILED JUNE 3, 1903.   No. 12,831.

Counties. In the absence of a statute, a county is not liable for necessaries furnished to persons not paupers while quarantined in their residence for the time being.

ERROR to the district court for Dodge county: CONRAD HOLLENBECK, DISTRICT JUDGE.  *Reversed.*

*Robert J. Stinson,* and *Grant G. Martin,* for plaintiff in error.

*Frank Dolezal, contra.*

POUND, C.

A bridge-gang, working on a railroad in the defendant county, was lodging in a house belonging to the plaintiff. Smallpox broke out among them, and one of the members of the county board, acting, apparently, under section 5, article 7, chapter 55, Compiled Statutes (Annotated Statutes, 9487), quarantined a number of them in plaintiff's building. A guard was put over them with instructions to keep them confined and to prevent others from coming in contact with them. While they were so quarantined, their meals were provided by the plaintiff, through and at the instance of the guard. This action is brought to recover for the meals furnished to the persons quarantined, while they were so confined, and for some other items not now material.

There is no evidence to show that the persons in question were paupers, or that the county was liable for their support or maintenance at the time the quarantine was imposed. Hence the sole question is, whether by reason of the quarantine the county became liable for the necessaries furnished by plaintiff. In our opinion this question must be answered in the negative. In the absence of a statute, we think a county is not liable for necessaries furnished to persons not paupers while quarantined in their residence for the time being. Some of the states have statutes by virtue of which such liability exists in certain cases. *City of Clinton v. County of Clinton,* 61 Ia. 205, 16 N. W. 87; *Smith v. Commissioners of Shawnee County,* 21 Kan. 669; *Town of Montgomery v. County of Le Sueur,* 32 Minn. 532, 21 N. W. 718; *Town of Louriston v. Board of Commissioners of Chippewa County,* 89 Minn. 94, 93 N. W. 1053. But the liability in these cases is recognized as completely

statutory, so that if the quarantine was not imposed by the authority named in the statute, or was imposed before the statute took effect, or the persons quarantined did not come within the purview of the provisions creating liability for necessaries, the county or municipality has never been held. *Smith v. Commissioners of Shawnee County, supra; State v. Bradford,* 36 Ga. 422; *People v. Supervisors of Macomb County,* 3 Mich. 475; *Kollock v. City of Stevens Point,* 37 Wis. 348; *Gill v. Appanoose County,* 68 Ia. 20, 25 N. W. 908. In consequence, where the statute goes no further than to provide for the maintenance of indigent persons while quarantined, or provides that the county or municipality shall be liable in case those chargeable with their support are unable to maintain them, the burden is upon the claimant to show that the patients were paupers or that those primarily liable were unable to respond. *Gill v. Appanoose County, supra; People v. Supervisors of Macomb County, supra; Kollock v. City of Stevens Point, supra.* The mere fact that they are quarantined, for the public safety, does not relieve persons who are able to support themselves of the duty of so doing.

Counsel contend that the quarantine amounted to an imprisonment of the persons quarantined "as effectively as if they had been locked up in the county jail." But the liability to maintain prisoners in the jail is statutory. At common law, a prisoner, if able, was bound to maintain himself. *Dive v. Maningham,* 1 Plowd. (Eng.) 60. And this liability still exists in certain cases in some jurisdictions. *State v. Peter,* 53 N. Car. 346; *Jefferson County v. Hudson,* 22 Ark. 595. Moreover where the county is made liable by statute, the liability is confined to cases within the purview of the act; persons not within its purview and able to provide themselves with necessaries must do so, though actually imprisoned in the jail. *Malone v. Escambia County,* 116 Ala. 214, 22 So. 503. It has been said that a quasi-contractual obligation must rest upon a record, a statutory, official or customary duty, or upon the doctrine

that no one shall be allowed to enrich himself unjustly at the expense of another. Keener, Quasi-Contracts, 16. The case at bar cannot be brought within any of these heads. The persons quarantined, not the county, got the benefit of the necessaries furnished. If they were paupers, there was a statutory liability resting upon the county to provide for them. If they were not, no benefit or advantage accrued to the county.

We therefore recommend that the judgment be reversed the cause remanded.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause is remanded.

REVERSED.