## PRICE v. THE B., C. R. & M. R. Co.

1. **Practice in the Supreme Court**: EXCEPTIONS. The Supreme Court will not consider objections first made before it and not raised in the court below.

2. ———: INSTRUCTIONS: SPECIFIC OBJECTIONS TO. When specific objections to instructions are made at the time they are given, any others which might have been urged but were not must be deemed to have been waived.

3. ———: EVIDENCE: VERDICT. The sufficiency of the testimony to support the verdict will not be considered unless all the evidence, or an abstract of it, is presented to the Court.

*Appeal from Louisa Circuit Court.*

MONDAY, DECEMBER 13.

ACTION to recover the value of a mare and colt alleged to have been killed by the careless act of defendant in running a train over them. There was a verdict and judgment for plaintiff. Defendant appeals.

*Sprague & Riley*, for appellant.

*Cloud & Broomhall* and *B. F. Wright*, for appellee.

BECK, J.—The petition claims to recover because of the negligent and careless act of defendant's employes in running its train over and thereby killing the mare and colt of plaintiff. The answer denies generally the allegations of the petition, and avers that the accident happened, without fault of defendant, at a crossing of a highway where it had no right to fence its track.

By an instruction given upon the request of plaintiff, and a modification of one asked by defendant, the court directed the jury that plaintiff was entitled to recover, if the animals "were killed because of a defective crossing, or of a defective cattle guard, or of the defective manner of fencing the cattle guard."

These instructions are now assailed by defendant's counsel, on the grounds that they were applicable to no issue raised in the case, and there was no evidence before the jury to support recovery for the negligence contemplated therein.

I. It does not appear that objections were made in the court below to the instructions on the ground above named, and it is nowhere shown that any exceptions were then taken because the case was tried and presented to the jury upon issues not raised in the pleadings, or because of the improper admission of evidence. The only exceptions taken at the trial, relating to the instructions referred to, are presented in the bill of exceptions in the following language:

1. PRACTICE in the Supreme Court: exceptions.

The instruction "tends to mislead the jury, in that the jury, from such instruction, might infer that if they found, as a fact, that the cattle guards were improperly constructed, or built too far apart, the jury should find for the plaintiff, no matter if the mare and colt were struck and killed at a point where the *actual* traveled track of the highway crosses the railroad." It cannot be claimed that this exception is based upon the ground that the instructions depart from the issues or are inapplicable to the evidence. Under oft repeated and familiar rulings of this court, we cannot pass upon objections that were not made in the court below. See cases cited in Withrow and Stiles' Digest, p. 499.

Exceptions to rulings upon instructions taken at the time they are made may be taken without any stated reason therefor. Code, § 2787. Exceptions to instructions taken after the trial must state the grounds of objections. § 2789. In the last case the party cannot urge other objections in this court; in the first case, if he relies, in the court below, upon objections there urged, he cannot abandon them in this court and raise new ones. In the case before us, specific objections were taken to the instructions when given upon grounds then stated and urged. While this was unnecessary, yet the party will not be allowed to make objections upon other grounds here, for in this way the Circuit Court might have been misled. The making of

2. ——: instructions: specific objections to.

specific objections in the court below must be regarded as a waiver of others not urged.

II.   The abstract does not purport to give all the evidence; it sets out "all the testimony deemed material."   We have 3. ——: evidence: verdict. repeatedly held that we must have before us all the evidence or an abstract of all, to authorize us to pass upon the sufficiency of the testimony to support the verdict.   We cannot, therefore, consider the point made by defendant's counsel that the verdict is not supported by sufficient evidence, and that the finding of the jury should have been the other way under the instructions above discussed.

We may properly remark that the abstract clearly shows that all the evidence is not presented therein..   A plat of the locality where the accident occurred is not before us.   Without it the evidence is, in a great degree, unintelligible.

The foregoing discussion disposes of all points presented in the argument of counsel.

AFFIRMED.