SCHOOL DISTRICT No. ONE OF MANISTEE TOWNSHIP v. MARTHA COOK.

*Remission of excess in judgment—Action on school-teaching contract—Proof of teacher's qualifications—Competency of school-district officers to contract with teachers.*

Where one who has recovered judgment in justice's court for more than $100 remits the excess to save a reversal and the case is nevertheless appealed, it cannot thereafter be claimed that plaintiff had released so much of the demand in suit as had been remitted.

In a suit by a school-teacher on a contract of hire, the plaintiff is not bound to make *profert* of her certificate of qualification and it is not error to allow her to give parol proof that she has one.

In an action by a school-teacher on a contract of hire it was alleged as error that the contract was allowed in evidence without proof that those who acted for the school-district in making it were not authorized, and that the court charged that it was valid. *Held,* that this allegation did not sufficiently present the objection that the officers of the district were not competent to bind it by a contract extending beyond the current year especially as there was evidence that the

officers were in possession and presumptively competent and there was no evidence that they were not authorized to employ teachers.

An assignment of error must be supported by an exception.

Error to Manistee. Submitted Oct. 13. Decided Oct. 19.

ASSUMPSIT. Defendant brings error. Affirmed.

*Ramsdell & Benedict* for plaintiff in error.

*S. W. Fowler* for defendant in error.

GRAVES, J. Mrs. Cook claimed that she made a contract with the district in April, 1878, to serve it as teacher for nine months from the 9th of September following, and that she entered upon the service under the contract and continued for three months and was then dismissed without any legal or justifiable cause, and · she brought this action to recover her damages caused by the breach of the contract and was allowed to recover, and the district has brought the case here on writ of error and bill of exceptions.

The written contract was shown on the trial and it was proved and not denied that Mrs. Cook went on under it and taught for three months for which the district paid her the stipulated wages, and then dismissed her and refused to pay anything for the residue of the agreed term. No evidence was offered to explain or excuse the dismissal. Prior to this action she sued before a justice and recovered more than $100 and the district removed the case to the circuit court. For the purpose of removing objection to the proceedings she formally remitted so much of the recovery as exceeded $100 ; but with this the district was not content and it demanded and obtained a reversal on jurisdictional grounds. On the trial of this case the district offered these proceedings before the justice to prove that Mrs. Cook released all claim exceeding $100, and the court excluded the offer. This ruling is charged as error.

The point has not a shadow of merit. The remission was a proceeding in the first case and only intended to cure an

error and prevent a reversal. But the district refused to accept it and demanded and obtained a reversal, and the whole proceedings were thereby rendered naught. The district cannot now claim that a portion still remains of which it can take advantage.

Mrs. Cook testified that at the time she made the contract she held a certificate of qualification, but had left it at her home and was consequently unable to produce it. The district now charges as error that she was allowed to swear to the legal import of the certificate. The allegation is not fairly warranted by the record. The only exception which relates to the subject is that it was not proper to give parol proof of her possession of the certificate unless it was accompanied by production of the instrument itself. No mention was made of the point specified as error. The exception itself was not tenable. Besides it was no necessary part of her case to make profert of the certificate.

The remaining allegation of error is that the contract was allowed in evidence without proof that those who acted for the district were authorized; and further that the court erred in charging that the contract was valid, and on this statement of error it is now argued for the district that it was not competent for the officers of April, 1878, to bind the district by a hiring extending beyond the school year then running. This view was not suggested at all to the court below and it is one which was not likely to occur to the circuit judge or Mrs. Cook's counsel unless intimated, and there is no evidence that it did occur to them.

We have seen that the district actually accepted from Mrs. Cook some three months' service under this contract in the new school year and paid her the wages stipulated therefor, and it was not to be readily supposed that the contract was intended to be repudiated. But it is sufficient now that the part of the charge referred to was not excepted to. It received the apparent acquiescence of the district and the charge of error has therefore no foundation in the record. The evidence was full that those who signed for the district were in possession of the offices and presumptively compe-

tent. No evidence was given that they were not authorized to employ teachers.

No error is made out of which the district is entitled to complain and the judgment must be affirmed with costs.

The other Justices concurred.