HALL ET AL. V. BALLOU.

1. **Attachment:** INDEMNIFYING BOND: PROTECTION OF OFFICER. The levy of an attachment is not within the statute providing for an indemnifying bond, § § 3055–3058, Code, and the officer in such case is not protected thereby; those sections relate solely to the protection of the officer when he serves an execution.

2. ———: INSOLVENCY: EVIDENCE OF: OPINION OF WITNESS. The personal opinion of a witness, as to the insolvency of a party, is not admissible in evidence.

3. **Practice:** INSTRUCTION: PREJUDICIAL ERROR. The refusal to give an instruction asked, which was based upon an alleged oral agreement, where the jury specially found that no such agreement had been made, was not prejudicial error.

4. **Mortgage:** INDEFINITE DESCRIPTION: NOTICE. Where the attaching creditor had actual knowledge, prior to the levy of the attachment, that the property levied upon was included in a certain mortgage, the mortgage will hold, notwithstanding that the description of the property in the mortgage was indefinite.

5. **Practice in the Supreme Court:** PREPONDERANCE OF EVIDENCE. Where there is evidence to support the verdict, although the preponderance of the evidence may appear to be against it, this court cannot reverse the judgment of the court below.

*Appeal from Clarke Circuit Court.*

FRIDAY, JUNE 9.

ACTION to recover specific personal property. Trial by jury; verdict for plaintiffs; judgment, and defendant appeals.

*McIntire Bros.* and *W. M. Wilson,* for appellant.

*S. P. Ayres* and *Chaney & Temple,* for appellees.

SEEVERS, CH. J.—I. It was stated in the petition plaintiffs were the "owners of six hundred and fifty sheep, by virtue of a chattel mortgage," and that said sheep were taken from the possession of Edson Pennell, by the defendant, under and by virtue of a writ of

attachment against said Pennell, in favor of Phillip Aller. Several defenses were pleaded by the defendant, which need not be stated at length; among which was that the defendant had taken from the attaching creditor an indemnifying bond, and therefore, the action was barred. A demurrer to this portion of the answer was sustained, and this presents the first alleged error discussed by counsel for the appellant, who cite and rely upon § § 3055, 3056, 3057 and 3058 of the Code. These sections, however, relate solely to the protection of the officer, when he levies an execution. The levy of an attachment is not within the statute, and the officer in such case is not protected thereby. It was so held in *Wadsworth v. Walliker*, 45 Iowa, 395. The court did not err in sustaining the demurrer.

II. The mortgage, on the face thereof, showed it was given for the purpose of indemnifying the plaintiffs as the sureties of Pennell, the mortgagor, on a promissory note. The defendant claimed the mortgage was executed for the purpose of defrauding the creditors of Pennell. The defendant asked a witness whether he was acquainted with the financial condition of the plaintiff, Olmstead. The witness replied: "only by general reputation;" whereupon the following question was asked: "State whether or not he is solvent or insolvent?" An objection to this question was sustained. The witness, however, proceeded to state certain facts within his personal knowledge, in relation to the financial condition of Olmstead. Counsel for appellant insist the proposed evidence was admissible "under the issues presented in the case." We are at a loss to determine which issue is meant by counsel, as there are several, but have concluded it must be the one above stated. No authority is cited in favor of the claim made, and we do not believe the evidence would tend to establish any issue in the case, and besides this, the personal opinion of the witness was not admissible for any purpose.

III. The defendant pleaded there was an oral agreement,

*2. ———: insolvency: evidence of: opinion of witness.*

made at the time the mortgage was executed between the
plaintiffs and the mortgagor, in relation to the
possession of the sheep, and the defendant claimed
if such an agreement was made, the mortgage
was void and the sheep subject to the attachment.

3. PRACTICE: intruction: prejudicial error.

The first instruction asked by defendant was based on such
alleged agreement, and was to the effect above stated. It was
refused, and in so doing it is insisted the court erred. We
are unable to say there is any substantial difference between
the eleventh paragraph of the charge and the instruction re-
fused. If it be conceded there is the refusal was without
prejudice, because the jury found specially there was no such
agreement entered into. There was no prejudicial error in
refusing to give the instruction under consideration.

IV. In our opinion there is no substantial difference
between the thirteenth paragraph of the charge and the
second instruction asked. There was no error,
therefore, in refusing to give the latter. The
property mortgaged was described therein as fol-
lows: "One thousand sheep, now owned by Edson Pennell,
being fed for market by said Edson Pennell, in Troy town-
ship, Clarke county, Iowa." The defendant pleaded the de-
scription of the property was not sufficient to impart notice
to attaching creditors, and it was, therefore, void. The de-
fendant asked the court to instruct the jury "as a matter of
law," that the "sheep as described in the chattel mortgage,
are not sufficiently described to impart constructive notice;"
and also if the jury found the mortgagor had in possession a
flock of sheep to the number of one thousand to fifteen hun-
dred, then it was the duty of the plaintiffs to point out the
specific sheep they claimed to be covered by the mortgage.
This instruction was refused, but the court gave the following:

4. MORTGAGE: indefinite de-scription: notice.

"12th. If you find that the description of the property
in the mortgage was so indefinite and uncertain, that a person
of ordinary discernment would not be led to presume that the
sheep taken under the attachment were those described by

the mortgage, and you further find defendant had no actual knowledge, that the sheep levied upon were the sheep included and described in the mortgage, prior to the levy, then the attachment would hold notwithstanding the mortgage. But upon the other hand, if defendant had actual knowledge that the sheep levied upon were included in said mortgage prior to levy, then the mortgage would hold, notwithstanding the indefinite manner in which they were described in the mortgage; and knowledge of defendant would also include knowledge which Philip Aller might have had at the time of ordering the levy."

We think the instruction given is as favorable to the defendant as he was entitled to, and that the third instruction asked was properly refused. Our reasons will be briefly stated: In the answer the defendant admitted he levied upon the sheep that were included in the mortgage. This being so, the insufficient description, conceding it to be such, is immaterial, but it may be said the defendant had the right to plead contradictory defenses. We incline to think this is so, but from an examination of the evidence of the attaching creditor and the defendant, they both, prior to the levy, had notice of the mortgage, and also that they intentionally and purposely levied the attachment on sheep they knew were included in the mortgage. This was done because they believed they had the right to pay the mortgage and take the sheep, or that if they left sheep sufficient, in their opinion, to satisfy the mortgage, they could take the balance. Under the circumstances, the instruction asked was rightly refused, and the one given in its stead is correct.

V. Lastly, it is claimed the verdict is against the instructions of the court and should have been for the defendant. 5. PRACTICE: preponderance of evidence. We should have been better satisfied if the court below had granted a new trial. But while this is so, we cannot, under the settled practice of this court, reverse the judgment. We cannot say the jury were actuated by passion or prejudice. There was evidence upon

which the verdict can be supported, and the most that can be said is, the preponderance may possibly be with the defendant.

AFFIRMED.