MANSFIELD V. SAC COUNTY.

1. **Paupers:** EMPLOYMENT OF PHYSICIAN FOR: BOARD OF SUPERVISORS CONTROL TOWNSHIP TRUSTEES. When the board of supervisors, in a county where there is no poor house, employed a competent physician to attend all the poor of the county, the trustees of the township in which such physician resided might not disregard such employment, and employ other physicians to render such services within their township, and thereby bind the county to pay for the services of such other physicians.

*Appeal from Sac District Court.*

SATURDAY, OCTOBER 21.

THE plaintiff is a physician, and seeks to recover in this action for his services as such, and for medicines furnished a poor person under the authority of the township trustees. Judgment for the plaintiff, and defendant appeals.

*Lot Thomas*, for appellant.

*Chas. D. Goldsmith*, for appellee.

SEEVERS, CH. J.—The trial judge certified there was a question of law upon which it was desirable to have the opinion of the Supreme Court. Such question is as follows: "When the board of supervisors of a county in which there is no poor house, employs a convenient and competent physician to furnish to all the poor persons of the county all medicines and medical aid that such poor persons may require, while such physician is so employed, and ready and able to furnish such medicines and medical aid, may the trustees of the township in which the physician resides disregard such employment made by the board of supervisors, and employ other physicians to furnish medicines and medical aid to the poor persons of said township who make application to them therefor, and bind the county for the payment of medicines and

medical services rendered or furnished by such physician employed by the trustees?" It is conceded the liability of the defendant must be fixed by the statute or. it does not exist. Both parties cite and rely upon the following statute: "The trustees in each township, in counties where there is no poor house, have the oversight and care of all poor persons in their township, and shall see that they receive proper care, until provided for by the board of supervisors." Code § 1364. It is further provided by statute that the poor must make application to the trustees, who may afford such relief at public. expense as the neccessities of the person may require, and shall report the case to the board of supervisors, who may continue or deny relief as they may see proper. Code, § 1365. Primarily, it may be said, the care of the poor is confided to the trustees. But no provision is made for sudden emergencies, such as a severe accident. The application in such case for relief must be made to the trustees, and the same. directed to be furnished by them, before the county can be made liable. If relief is furnished by the trustees, it is regarded as of·a temporary character, for the board of supervisors may discontinue the same if they see proper. Now the. question is whether the board may, as a matter of precaution and in the interest of economy, employ a convenient and competent physician in advance of a known case of a person needing relief. We think they may. Certainly the statute does not forbid the board from so doing. The trustees have the, care and oversight of the poor until relief is afforded by the board of supervisors. This, we think, authorizes the board, in their discretion, to employ a physician to whom the trustees may direct such person for relief. There is no reason why the. trustees should not respect the wishes of the board and direct. the poor person to apply to the physician employed by the county, unless it may be for some reason not apparent in the. record.

Ordinarily the care and responsibility of the trustees will be lessened if they do so, and the poor person in no manner

prejudiced. If the trustees should employ a physician and report the case to the board, it is clear the latter may discharge such physician and supply another. Why, therefore, may not the board in advance direct the trustees whom to employ.

REVERSED.