GAWLEY v. JONES COUNTY.

1. **Paupers:** MEDICAL AID FOR: LIABILITY OF COUNTY. Where a county employs certain physicians to render all medical and surgical services demanded by the poor of the county, the trustees of a township cannot disregard such employment, and employ another physician to attend a pauper residing in their township, and thereby bind the county to pay for the services of such physician:—Following *Mansfield v. Sac County*, 59 Iowa, 694; and *ante*, p. 11.

*Appeal from Jones Circuit Court.*

SATURDAY, DECEMBER 9.

ACTION by a physician to recover for medical and surgical services rendered by him to a pauper. The cause was tried by the court without a jury and judgment rendered for defendant. Plaintiff appeals.

*Sheean & McCarn*, for appellant.

*Remley & Ercranbrack*, for appellee.

BECK, J.—The evidence shows that at the time the services were rendered the defendant had employed certain physicians to render all medical and surgical services demanded by the poor of the county, and that the pauper treated by the plaintiff had been under the care of these physicians. The trustees of the township, wherein the pauper resided, employed plaintiff to render the service to the pauper for which suit is brought. We held in *Mansfield v. Sac County*, 59 Iowa, 694, that in such a case the county was not liable. Following that decision, we must hold that plaintiff cannot recover in this action.

Under the peculiar facts of the case we express a regret that the law does not provide a compensation to plaintiff. The record discloses the fact to be that he faithfully, during a long period of time, rendered medical and surgical services to the pauper, who was afflicted with fistula in an aggravated form. The services were attended by considerable expense

to plaintiff, and the complete restoration to health of the pauper, under the treatment of plaintiff, attests his professional skill. The charge he makes for his valuable and successful services is reasonable, indeed they may be regarded as extremely low. But we cannot disregard the law and prior decisions of this court, and award plaintiff money compensation to be recovered of the county, however meritorious his services may be. He must be content with that other compensation which is always surely given to good men for kindness and succor rendered to the poor.

AFFIRMED.