## GEORGE LACY v. THE COUNTY OF KOSSUTH IN THE STATE OF IOWA, Appellant.

**Paupers:** MEDICAL AID: *Liability.* It is provided that township trustees may furnish medical attendance to paupers who they think ought not to be sent to the poor house (Code, 1873, amended by Eighteenth General Assembly, chapter 133,); that the expense shall be audited and paid by the county (section 1363); that such relief is subject to the approval of the county board which may reject or diminish claims therefor allowed by the trustees, and that the county board has power to contract for the support of the poor, with the lowest bidder. *Held,* the board has power to contract with a physician for attendance upon the county poor; that the trustees cannot employ a physician other than the one contracted with by the board and charge the county with his services to a pauper without proof that the county physician was either incompetent or inconvenient of access.

INFECTIOUS DISEASE. Acts Eighteenth General Assembly, chapter 151, section 21, makes it the duty of the board of health of a township to provide assistance for a resident thereof affected with a disease dangerous to the public health; the expense to be charged to the person so affected, or other person liable for his support, if able; otherwise to the county to which he belongs. Section 14 provides that, "every local board of health shall obtain a competent physician who shall be the health officer within its jurisdiction;" also, that such board shall regulate all fees and charges of persons employed by it in the execution of the health law. *Held,* that the

health physician is not required by virtue of his appointment to treat persons professionally, but that the board has power to employ a physician to treat an infected person; and such physician may recover, if the patient be a pauper, for the services so performed, from the county, even though the board of supervisors may have a contract with another physician to treat all paupers of the county.

**Evidence:** HARMLESS ERROR. The contract between a county and a. physician employed by it to treat the paupers of the county is properly excluded in an action against the county for medical. service rendered by another physician, where the fact of the former physician's employment is admitted.

CLAIM AGAINST COUNTY: *Certificate.* Certificate of the board of health, attached to the statement of account for medical services presented to the county board of supervisors, to the effect that the claimant. was employed by the board and that he performed the service stated, and that the bill was correct and in accord with the contract made with him, is admissible as part of the claim, in the action against the county.

SAME. A certificate of the board of health attached to the bill of a physician employed by it, reciting such employment, that the service was rendered as stated, and that the charges were in accordance with the contract, is proper evidence of such facts in an action on the account.

COMPETENCY OF PHYSICIAN. Evidence of particular acts is not admissible to prove the incompetency of the physician. His general reputation of skill is alone relevant and can be proved only by persons knowing such reputation in the community where he is engaged in practice who do not base their testimony on mere rumor.

OPINIONS: *Insolvency.* Witnesses who, from inquiry and observation, know the financial ability of a person, are competent to testify as to such facts; and after stating the facts, their evidence that the execution against him could not be collected, and that he had no property out of which a bill could be collected, is competent.

DOCTOR'S LICENSE: *Burden of proof.* It will be presumed that a physician has been duly authorized to practice, where the question arises collaterally in a *civil* action between the physician and one who employed him; and the burden of proving a want of license is on him who denies the license.

**Appeal:** OBJECTIONS BELOW: *Waiver of pleadings.* In a suit to charge a county for treating a patient it was not pleaded that his relatives were unable to pay. This defect was not objected to below, except it be in manner following: The defendant objected to evidence offered to prove the financial condition of the relatives. and moved a directed verdict, alleging absence of evidence show ing their inability to pay. The court charged that there could be

no recovery without such evidence. *Held*, such defect in pleading is not available on appeal, though it rendered the petition vulnerable to demurrer or motion in arrest of judgment, if not to answer, and this, though it is provided by statute that no pleading shall be held sufficient on account of failure to demur thereto. (Chapter 96, Twenty-fifth General Assembly.)

**Appeal:** ASSIGNMENT OF ERRORS. A ground for exception to an instruction that it is not authorized by law is too general for consideration.

*Appeal from the Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

WEDNESDAY, MAY 25, 1898.

ACTION at law to recover compensation for medical services rendered a pauper at the instance of the township trustees, and for like services rendered to one afflicted with a contagious disease, at the instance of a local board of health. The defense was a general denial and an affirmative plea that defendant employed a regular physician, whose duty it was to look after such patients on behalf of the county. The authority of the township trustees and of the board of health to bind the county is also put in issue. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*Raymond & Raymond* and *Carr & Parker* for appellant.

*Clarke & Cohenour* for appellee.

DEEMER, C. J.—The acts of the legislature material to a determination of the main questions in the case are as follows: "When any person * * * residing within any * * * township within this state shall be infected * * * with * * * sickness dangerous to the public health, the board of health of the * * * township where said persons may be, shall make effectual provisions in the manner in which they shall judge best, for the safety of the inhabitants, * * * by providing nurses and other assistance and supplies, which

shall be charged to the person himself, his parents or other person who may be liable for his support if able; otherwise at the expense of the county to which he belongs." Acts Eighteenth General Assembly, chapter 151, section 21. Section 14 of the same chapter also provides that "every local board of health shall appoint a competent physician of the board, who shall be the health officer within its jurisdiction;" also, "that local boards shall also regulate all fees and charges employed by them in the execution of the health laws, and of their own regulations." Section 303 of the Code of 1873 vests in the board of supervisors of the respective counties the "exercise of all the powers in relation to the poor given by law to the county authorities." Section 1361 of the Code of 1873, as amended by chapter 133, Acts Eighteenth General Assembly, provides that "the township trustees shall provide for the relief of such poor persons in their respective townships as should not in their judgment be sent to the county poor house.   *   *   *   The relief thus furnished may be in the form of   *   *   *   medical attendance." Section 1363: "All moneys expended (as contemplated in section 1361) shall be paid out of the county treasury after the proper account rendered thereof shall have been approved by the board of supervisors.   *   *   *   But the board   *   *   * may limit the amount of relief thus to be furnished." Section 1365, as amended by Acts Twenty-second General Assembly, chapter 101, so far as material, is as follows: "The poor must make application for relief to the township trustees,   *   *   *   and if the trustees are satisfied that the applicant is in such a state of want as requires relief at the public expense, they may afford such relief, subject to the approval of the board of supervisors, as the necessities of the person require.   *   *   *   The board   *   *   *   may examine into all claims   *   *   *   for medical attendance allowed by the   *   *   *   trustee,   *   *   *   and if they find the amount allowed   *   *   *   unreasonable or exhorbitant   *   *   *   they may reject or diminish the claim as in their judgment would be right and just.   *   *   *" Section

1366: "All claims and bills for the support of the poor shall be certified to be correct by the proper trustees and presented to the board of supervisors, and if they are satisfied that they are reasonable and proper they are to be paid out of the county treasury." Section 1369 provides that "the board of supervisors may enter into contract with the lowest bidder * * * for the support of all the poor of the county for one year at a time. * * *"

We have held that the board of supervisors has authority under these sections to employ a competent physician to attend to all the poor of the county, and that the township trustees cannot disregard such employment and engage other physicians to render such service at the expense of the county. *Mansfield v. Sac County*, 59 Iowa, 694; *Gawley v. Jones County*, 60 Iowa, 159. To the first count of plaintiff's petition, which was for services rendered at the instance of the board of health to a pauper sick with a contagious disease, defendant filed answer, in which it pleaded that the local board of health had in its employ one Dr. Armstrong, who was the health officer of the board, and that said board had no authority to employ another physician. It also pleaded that it had employed a qualified physician to attend to all the poor persons of the county, who was willing and able to perform the services for which plaintiff seeks compensation, and that neither the board of health nor any one for the patient requested the attendance of the county physician. A demurrer to each of these pleas was sustained, and the error assigned upon this ruling presents the first question for our consideration. The law provides, as we have seen, that each local board shall appoint a competent physician who shall be the health officer within its jurisdiction. By such appointment he becomes simply an officer to assist in the administration of the law and the enforcement of the regulations of the board. As such, he is not required to treat the sick in his professional capacity. Whatever the board deems best for the safety of the inhabitants, in the matter of assistance and supplies, they may

order, under the provisions of the Acts of the Twenty-second General Assembly, before quoted; and compensation for such service is to be had under the provisions of that enactment. The health officer could not be compelled to render assistance to infected persons simply because he was appointed physician to the board. As plaintiff was called to the service by the board of health to treat an infected person, he is entitled to his compensation, although the county may have had a contract with a physician by which such physician undertook to treat all the paupers of the county. The fact that the patient is a pauper is material to the inquiry as to who shall pay the bill, and not to who shall perform the service. The demurrer was properly sustained. As sustaining our conclusions, see *Village of St. Johns v. Board of Sup'rs of Clinton County,* 111 Mich. 609 (70 N. W. Rep. 131); *City of Clinton v. Clinton County,* 61 Iowa, 205.

II. Plaintiff did not plead the inability to pay of any other relative that the father of the patient, and appellant insists that the petition does not state a cause of action. It relies upon the statute before quoted, and the case of *Tweedy v. Fremont County,* 99 Iowa, 721. That the petition was demurrable must be conceded; and it may be, although we do not decide the point, that the question might have been made in answer. A motion in arrest of judgment might also have been based upon the plaintiff's failure to state a cause of action. But the point was not raised in any such manner. There is no reference in any of the proceedings to this defect. True it is that defendant moved that the court direct a verdict for defendant as to the first count of the petition, for the reason that there was no evidence that the parents and grandparents of the person for whom the services were rendered were not able to pay, which motion was overruled. But this did not go to the defect in the pleading. It is also true that defendant objected to the evidence offered by plaintiff as to the financial condition of the parents and grandparents; and it further appears that the court instructed that

the jury must find that neither the parents nor the grand-
parents of the patient were able to pay. In view of the state
of the pleadings, the rulings excepted to were, no doubt
erroneous; but the error was without prejudice to the appel-
lant. The effect was to cast an unnecessary burden upon the
appellee. These instructions, which were not excepted to by
appellee, constituted the law of the case; and it was the duty
of the jury to follow them, whether right or wrong. It may
be there was not sufficient evidence to justify the finding as
to the responsibility of the grandparents; but this question
was not presented to the trial court. No motion for a new
trial was filed. Appellant did nothing after verdict but except
to some of the instructions. Appellant argues, however that
it was not bound to present the question of the sufficiency of
the pleading to the trial court, and it relies upon chapter 96 of
the Acts of the Twenty-fifth General Assembly. We need
not set out this statute. It is sufficient to say that we have
frequently held that the insufficiency of the pleading cannot
be presented for the first time in this court. See *Boyd v.
Watson,* 101 Iowa, 214; *Weis v. Morris,* 102 Iowa, 327;
*Reed v. City of Muscatine,* 104 Iowa, 183. The case of *Weis
v. Morris* is decisive of the question here presented. There
was no error of which appellant may complain.

III. Appellant contends that there is no evidence that
appellee was authorized to practice his profession in this
state. The evidence shows that appellee is a physician and
surgeon; that he is a graduate of a medical college, and has
practiced his profession in Kossuth county for over eleven
years. The rule seems to be that when the question of license
arises collaterally in a civil action between the physician and
one who employs him, due qualification under the statute
will be presumed, and the burden is upon him who denies such
license. *Brown v. Young,* 2 B. Mon. 26; *City of Chicago v.
Wood,* 24 Ill. App. 42; *Thompson v. Sayre,* 1 Denio, 175. In
case of public prosecution the rule is the other way.

IV. To prove the inability of the father of the patient
to pay the bill, appellee was permitted to introduce in evidence

the testimony of several parties who had made investigation and inquiries in regard to the amount of property owned by him; and, after narrating these facts, they were allowed to state whether a bill could be collected by execution or otherwise. Other witnesses who stated they had made investigation were permitted to testify that he had no property out of which the plaintiff's bill could be collected. The objection was that it was hearsay and an opinion based on hearsay, not the best evidence, and no foundation laid for secondary evidence. The objection was properly overruled. *Hard v. Brown,* 18 Vt. 87; *Sherman v. Blodgett,* 28 Vt. 149; *Crawford v. Andrews,* 6 Ga. 244. We have held, in the case of *Hall v. Ballou,* 58 Iowa, 585, that a witness could not state whether another person was solvent or insolvent. But it appears that the witness in that case did not know of the financial condition of the person inquired about, "except by general reputation." See, also, *Fairchild v. Case,* 24 Wend. 381. Some of the evidence offered to show the financial responsibility of the mother and grand parents was perhaps incompetent, under the rule stated in the *Hall Case.* See, however, *Nininger v. Knox,* 8 Minn. 140 (Gil. 110). But, as we have already said, the error, if any, was without prejudice.

V. A certificate of the board of health, attached to appellee's statement of account which was presented to the board of supervisors, stating that plaintiff was employed by the board, that he performed the services stated, and that the bill was correct and in accord with the contract made with him, and that the father of the patient was not responsible, was offered in evidence, together with the statement of account. That part of this certificate referring to the responsibility of the father and to the contract price of the work was rejected; the remainder of it was received. In this there was no error. The certificate was properly attached to the bill and presented to the board. When so attached, it became a part of the claim, and, as such, was admissible in evidence. See *Tweedy v. Fremont County, supra*

VI. We have now disposed of all the controlling assignments of error relating to the first count of the petition, and we turn our attention to the second, which is for medical services rendered a poor person under employment by the township trustees. It is conceded by appellee that, as the board of supervisors had employed a physician to furnish medicine and medical aid to all poor persons in the county, he cannot recover unless he shows that the person so employed was incompetent or inconvenient of access. The county entered into a contract with one Dr. McCormack to care for the poor during the year in which plaintiff performed his services. And plaintiff attempted to prove, not only that he was incompetent, but that he was so located as to be inconvenient to the poor of the township in which the patient treated by plaintiff resided. The argument presents but two questions relating to this matter: *First,* the correctness of the instructions; and, *second,* the rulings on the admission and rejection of evidence. No motion for a new trial was filed, and the sufficiency of the evidence is not presented. The exceptions to the instructions were in writing, filed on the same day they were given, but not at the time they were read, as we understand the record. These grounds of exception were: *First,* that said charge was not authorized by law; and, *second,* that it "includes trustees, nurses, and others interested therein." These ground are entirely too general, and the objections now urged in argument cannot be considered. *Patterson v. Railway Co.,* 70 Iowa, 593; *Benson v. Lundy,* 52 Iowa, 265; *Price v. Railroad Co.,* 42 Iowa, 16.

VII. To prove the incompetency of McCormack, appellee introduced evidence as to his immoderate use of liquors, how he stood in the profession, his neglect of patients, and particularly of pauper patients; and one witness was permitted to testify as to his reputation for neglecting cases and incompetency in general. This witness did not pretend to know anything of his capacity except a rumor that he neglected his cases and was incompetent. Another was permitted to state that his standing with the

medical profession was not good. And still others gave evidence as to a particular instance of neglect. All this evidence was objected to, and allowed over defendant's objection. When the character or competency of a person is directly in issue, it is no doubt true that one familiar with his character or ability may give evidence of the fact; and it is also a general rule that evidence of character must be confined to general reputation, and that particular acts or specific facts are not admissible. *Forshee v. Abrams,* 2 Iowa, 571; *Frazier v. Railroad Co.,* 38 Pa. St. 104; *Utley v. Merrick,* 11 Metc. (Mass.) 302. This must also be the rule as to competency. Surely, the court cannot try collaterally each and every case tending to show the ability or competency of the person whose skill is the subject of inquiry. Again, before one is permitted to speak as to the character or reputation of another, knowledge must appear. The mere individual opinion of the witness is not admissible. No one will be permitted to speak affirmatively to the character or competency of another as distinguished from general reputation solely from rumors or reports. *Haley v. State,* 63 Ala. 83. Applying these well-settled rules to the case at bar, it will be seen that much incompetent evidence as to the competency of Dr. McCormack was admitted. The particular case inquired about happened some five years prior to the time plaintiff was called upon to perform his services, and the evidence shows that the fault was neglect or inattention. Surely, the defendant could not be expected to meet any such evidence. Moreover, if such evidence was competent, then it was proper for the parties to introduce evidence regarding each and every case treated by Dr. McCormack since he commenced the practice of his profession. We do not overlook the fact that the evidence shows that one of the trustees who employed the plaintiff had knowledge of the treatment in this particular case, but this circumstance is no justification for the evidence. The belief of the trustee is not the test. The fact only was material to the inquiry. If the board in fact employed a competent and convenient physician to care for the poor, the trustees were not authorized to employ another

simply because they believed the county physician was inattentive, neglectful, or incompetent.

VIII.    A certificate from the township trustees attached to the account presented to the board of supervisors was admitted in evidence.    That it was properly received, see the authorities cited in the fifth paragraph of this opinion, and *Mussel v. Tama County,* 73 Iowa, 101.

IX.    We see no error in the cross-examination of Dr. McCormack, of which defendant may justly complain.

X.    The fact that Dr. McCormack was employed by the county to furnish medical aid was admitted, and it was not error to exclude the contract itself.

For the errors pointed out, the judgment of the district court is REVERSED.