JAMES F. TAYLOR v. WOODBURY COUNTY, Appellant.

**Counties:** PAUPERS: *Physicians.* A county is liable for medical services rendered a pauper patient at the request of township trustees although it had a regularly employed physician to attend the poor, when his contract did not extend to the township in question, even though the patient was afterwards removed to another township covered by the contract.

SAME. A physician, summoned to attend a pauper, called in another to assist in the performance of a surgical operation, but no claim.

was made against the county except by the former. *Held*, that, such employment not being a delegation of authority, the county was liable.

RATIFICATION. A county cannot defend an action to recover for medical services rendered a pauper patient, on the ground that the plaintiff's services were not authorized by the township trustees when they thereafter sanctioned them by written certificate.

CERTIFICATE OF TRUSTEES. A certificate by township trustees that medical services to a specified value were rendered a pauper patient at their request is binding on the county, in the absence of fraud.

SAME. A physician was summoned unofficially by the trustees of a township to attend a pauper, and after the services were rendered the trustees officially signed a certificate that the physician acted on their official request. *Held*, that such certificate was, in the absence of fraud, binding on the county.

*Appeal from Woodbury District Court.*—HON. G. W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 20, 1898.

ACTION to recover for medical and surgical services rendered a pauper patient at the request of township trustees. There was a judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Hallam & Stevenson* for appellant.

*Jepson & Jepson* for appellee.

WATERMAN, J.—No question is made but the services were rendered, and the evidence, we think, shows that the amount allowed therefor is reasonable.

I. The first point made by appellant that deserves notice is that plaintiff was never authorized to render service to the patient, one Anderson, by the township trustees. Anderson was a resident of Liberty township, in defendant county. It appears without dispute that, at different times, two of the trustees requested plaintiff to attend him. It is claimed, however, that what was said by them was in their personal capacity, and not as officers of

·the township. The thought seems to be that they could take no action which would be binding on the municipality except in a formal board meeting. This claim might be conceded without availing plaintiff. It appears that after the services were rendered, the township trustees united in giving a written certificate to plaintiff, stating the services rendered and their value, and also the fact that plaintiff acted on their official request. This is a ratification of what had been done. Even if plaintiff performed the service originally without proper legal sanction, the giving of this certificate cured any such defect. *Mussel v. Tama County,* 73 Iowa, 101.

II. It is said that the defendant had a regularly employed physician to look after and attend the poor; and the cases of *Mansfield v. Sac County,* 59 Iowa, 694, and *Gawley v. Jones County,* 60 Iowa, 159, are cited as opposed to a recovery here. To like effect is the recent case of *Lacy v. Kossuth County,* 106 Iowa, 16. These cases hold that, when the board of supervisors employs a competent physician to attend all the poor of the county, the township trustees cannot disregard such employment, and engage other physicians to render such services at the expense of the county. The case at bar, however, is by its facts taken out of the rule thus established, because the record here does not show that the physician employed by the board of supervisors was under any obligation to attend the poor of Liberty township. The contract of employment with him seems to have been for a limited service on his part. It was as a resident of that township that Anderson was treated; and although he was afterwards moved to another township, which was covered by the contract of the physician employed by the board, in order to secure facilities for better care and nursing, yet this was but an incident of the service rendered. When plaintiff was requested to give attention to, and first took charge of, the case, Anderson was not within the territory throughout which the physician employed by the county authorities was obliged to attend.

III.  Another defense is that plaintiff did not personally perform all the services for which he claims.   The fact is, that the patient's condition required the performance of a somewhat difficult surgical operation, and that plaintiff procured another to do this work, he assisting.  No claim is made against the county except by plaintiff. He is responsible to his fellow surgeon.   We cannot understand just how these facts lend support to defendant's refusal to pay.   If the treatment was necessary, and was given by authority, and the amount claimed therefor is reasonable, we do not see what more defendant can require as a condition precedent to paying therefor.   It was not, as urged by appellant, a delegation of authority.   Plaintiff performed the services required of him in part through another.   Of this defendant has no reason to complain.   In *Scott v. Winneshiek County,* 52 Iowa, 579, the plaintiff was allowed a recovery for services rendered by others who assisted him.

IV.   Our conclusion is that the certificate signed by the trustees was binding on the county, in the absence of fraud, and no charge of fraud is made.   *Mussel v. Tama County, supra; Hardin County v. Wright County,* 67 Iowa, 127.   The judgment of the district court will be affirmed.