### E. L. BAY v. MONROE COUNTY, Appellant.

**Pleading:** AMENDMENT: MOTION TO STRIKE: ABUSE OF DISCRETION. In an action against a county by a physician employed to treat a contagious disease, where the evidence conclusively established the contract with the trustees, the rendition of the service, and there was no showing of bad faith, it was not an abuse of discretion to strike from the files at the close of the evidence an amendment to the answer alleging that the trustees had not properly certified the account.

*Appeal from Appanoose District Court.*—HON. T. M. FEE, Judge.

THURSDAY, OCTOBER 15, 1903.

LOCATED in Pleasant township, Monroe county, is the village of Coalfield, containing a population of about two hundred people, mostly colored, whose chief industry is that of mining coal. In December, 1899, smallpox broke out, and on the 14th of that month plaintiff was employed by the board of health of the township to vaccinate all unable to pay therefor themselves. Later he was employed by the board to treat impecunious patients suffering from the disease at the price of $25 per day, beginning December 19th. This was reduced to $20 per day January 22, 1900. He presented his bill to the board of supervisors for necessary expenses in vaccinating $6, and three days' service therein, at $25 per day, and also for $990 owing for the forty-one days' service in treating the indigent, all of which appeared to have been duly certified by the members of the board of health. But $37.50 on the first two items and $410 on the remaining were allowed. Thereupon this action was begun, and on trial $69.09 was recovered on the first items, and $826.87 on the last. The defendant appeals.—*Affirmed.*

*F. D. Everett*, County Attorney, *J. C. Mabry* and *T. B. Perry* for appellant.

*McNett & Tisdale* and *H. E. Valentine* for appellee.

LADD, J.—The propriety of the allowance for vaccination and the expenses incident thereto is not questioned. The answer first filed concedes that plaintiff rendered services for the time claimed, but pleads an allowance of $10 per day, and the tender of a warrant for that amount, alleging this the full value of the services rendered. In

an amendment to the answer, it is further alleged that the price agreed upon was excessive, and that the reasonable value of plaintiff's services was no more than $10 per day; that he failed to enter the houses in visiting the patients and give them proper treatment, but, on the contrary, remained "on the outside, at the window, where he might look through the glass darkly, and view his patient at a distance, and would send inside a more stout hearted messenger to interview the patient, who would then communicate the results;" that the county is liable for no more than the reasonable value of the services rendered, and this it had tendered. Issues were also raised as to whether the trustees were in session as a board when they employed plaintiff, and also as to whether another physician had been employed; but these were settled conclusively against the defendant.

After all the evidence had been introduced, the defendant filed another amendment, first denying the averments of the reply, and, secondly, averring that the certificates of the trustees to the accounts had been made by them separately at Albia, outside of Pleasant township, and not as a board of health, and that in giving them they acted in bad faith, and with knowledge that the services contracted for had not been rendered. This amendment was stricken, because raising new issues, and coming too late. In this there was no abuse of discretion. The evidence had shown conclusively the contract by the board of trustees, and the rendition of services for the precise time claimed. This being true, justice could not have been promoted by going into the inquiry as to whether the board of health had properly certified the account.

The record is also barren of any evidence of bad faith on the part of the trustees. It is said that the fact that they certified that the services contemplated were rendered furnished such proof. About sixty cases were treated, and all recovered. Ordinarily, the object in em-

ploying a physician is to effect a cure.   This seems to have been the peculiar notion of the plaintiff, and, even though he did ascertain the condition of his patients by looking at their tongues through windows or the open door, and by inquiry of them and the attending nurses, he must have prescribed suitable remedies; at least there is nothing in the record to the contrary.   Conceding that the treatment should be symptomatic, it does not appear that plaintiff's was not.   Some evidence was introduced to the effect that by the usages of the medical profession a physician should always enter the house, feel the patient's pulse, take his temperature, look at the tongue and into his throat, and ascertain whether he suffers pain in the chest or back. This may be, and the evidence shows that plaintiff gave a personal examination whenever he deemed it essential.   If he failed, through the methods employed by him, to properly diagnose any case, the record does not show it.   Every patient recovered in the usual time, and, so far as appears the spread of the disease was stayed as soon as could be anticipated.   What more ought the county demand of the trustees or their physician?   Certainly the certification of the trustees under these circumstances furnished no proof of bad faith on their part.   There was no occasion, then, for permitting the amendment, as in any event there was no evidence of bad faith on the part of the trustees.   See *Tweedy v. Freemont County*, 99 Iowa, 721; *Taylor v. Woodbury County*, 106 Iowa, 502.

Alleged defects in the instructions and errors in rulings on the admissibility of evidence demand no attention, as in any event plaintiff was entitled to recover the amount claimed.—AFFIRMED.