S. B. HOSKINS v. WOODBURY COUNTY, Appellant.

**Physicians:** SERVICES RENDERED POOR PERSONS: COMPENSATION.   A physician who attended poor persons afflicted with contagious disease at the direction of the mayor and presented his bill for services rendered to the local board of health, which they ap-

proved, is entitled to reasonable compensation for the services from the county, even though the same were performed without legal sanction.

*Appeal from Woodbury District Court.*—HON. J. F. OLIVER, Judge.

FRIDAY, FEBRUARY 18, 1910.

ACTION to recover the reasonable value of services rendered by plaintiff as a physician to poor persons afflicted with smallpox or other contagious or infectious diseases. A jury being waived, the trial court, after hearing the evidence, entered a judgment for the plaintiff from which the defendant appeals.—*Affirmed.*

*Strong & Whitney,* for appellant.

*A. Van Wagenen,* for appellee.

McCLAIN, J.—The plaintiff, who was the medical officer of the local board of health of the city of Sioux City, called the attention of the mayor to the fact that several poor persons were afflicted with smallpox and other contagious diseases and were without medical attendance. The mayor directed plaintiff to take care of those cases and render necessary medical services, which plaintiff did, rendering a bill therefor to the local board of health. Thereupon the local board passed a resolution reciting that it had examined plaintiff's bill, and found it to be correct and the charges reasonable, and directed its clerk to certify said bill and transmit it to the board of supervisors. The board of supervisors disallowed the bill, and plaintiff instituted this action to enforce its payment.

By chapter 111, Acts 31st General Assembly (Code Supp. 1907, section 2570a), it is provided that when any person shall be afflicted with smallpox or other infectious

or contagious disease dangerous to the public health, the local board of health shall make such provisions as are best calculated to protect the inhabitants therefrom, and may remove such person to a detention hospital, and shall provide needful assistants, nurses, medical attendants, and supplies, and if in the judgment of the board such person can not be removed, then he shall be cared for at the place where he resides. It is further provided that all bills for expenses incurred in carrying out the provisions of the Act shall be filed with the clerk of the local board of health, and that the board shall examine the same and act thereon, and shall certify the amount allowed by it to the county auditor, and the board of county supervisors shall act upon said bills as thus certified. The local board of health is directed to allow such amounts as shall be reasonable, and the certificate of said board is made *prima facie* evidence of the correctness of the bills, with power given to the board of supervisors to review the amount so allowed and fix the same. No question was made before the board of supervisors as to the reasonable value of the services rendered by plaintiff, but the bills were disallowed *in toto;* the theory of the appellant in the lower court being that in the absence of a formal employment by the local board of health for each specific case the plaintiff was not entitled to any compensation.

We need not now consider the question whether, under the rule of the state board of health prescribing that the mayor of a city shall make proper provisions for the care of the sick, the plaintiff was authorized to render medical services in these emergency cases. It is sufficient to say that the services were in fact rendered, and plaintiff's bill therefor was duly approved by the local board of health in a formal session. This action of the local board of health was a ratification of what had been done, and entitled plaintiff to reimbursement of his reasonable charges from the county, even though the services when

performed were without legal sanction. The giving of the certificate by the local board of health cured any such defect. *Taylor v. Woodbury County,* 106 Iowa, 502.

The case of *Young v. Black Hawk County,* 66 Iowa, 460, is not in point, for in that case there was no showing either of a formal employment or of formal approval by the local board. The statute under which that case was decided differed in some respects from the statute now in force on the subject, and no further discussion of the case is necessary.

The judgment of the trial court is *affirmed.*