## S. H. SAWYER v. WAPELLO COUNTY, IOWA, Appellant.

**Public health:** CONTAGIOUS DISEASE: DISINFECTION: LIABILITY OF COUNTY. By the provisions of section 2570-a local boards of health are charged with the duty of caring for persons afflicted with contagious disease in such manner as shall best protect the community, either by segregation or at their place of residence; to determine what contagious diseases are a menace to the community and the advisability of establishing a quarantine; and the county is liable for the expense of disinfecting a building in which contagious disease has existed, irrespective of the question of quarantine, when done under the direction of the board of health.

**Same:** COMPENSATION FOR DISINFECTING: EVIDENCE. The approval of a bill by the board of health for disinfecting a building in which contagious disease has existed is only *prima facie* evidence of the value of the service, and the county may show by other competent evidence that the charge and allowance by the board was excessive; and where there is such evidence the question should be submitted.

**Same:** CONTRACTS: RATIFICATION. Where a board of health has ratified the work of disinfecting, the question of a prior contract is immaterial.

**Same:** ISSUES. Where there was no evidence that disinfection after measles was unreasonable, the reasonableness of the requirement was not for consideration by the jury.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

FRIDAY, NOVEMBER 17, 1911.

ACTION to recover for services rendered as health officer of the City of Eldon. There was a directed verdict for the plaintiff. The defendant appeals.—*Reversed.*

*Seneca Cornell* and *D. F. Steck,* for appellant.

*Christy & Davis* and *E. K. Daugherty,* for appellee.

SHERWIN, C. J.—The plaintiff was the duly appointed health officer of the local board of health of the city of Eldon, and as such performed the services and furnished the material for which he seeks recovery in this action. Bills for such services and materials were duly audited and allowed by the local board of health, and the same were duly presented to the board of supervisors of the defendant county. A part of the plaintiff's charge was for disinfecting buildings in which there had been a contagious disease (measles), and where no quarantine had been maintained, and the principal question presented is whether the county is liable for such service. It is conceded that the rules of both the state and local boards of health required disinfection in all cases where the plaintiff disinfected.

I. The appellant contends that it is not liable for disinfecting buildings after diseases where quarantine is not maintained, and the appellee contends that the county is liable for disinfecting buildings where contagious diseases have existed, whether a quarantine was or was not maintained. These contentions must be disposed of by a construction of section 2570-a of the Supplement to the Code of 1907; for the appellee concedes that, unless authority be therein found for holding the defendant liable, none exists. The section, so far as material to the instant case, is as follows:

1. PUBLIC HEALTH: contagious disease: disinfection: liability of county.

When any person shall be sick or infected with smallpox or other infectious or contagious diseases dangerous to the public health, whether a resident or otherwise, the local board of health shall make such provisions as are best calculated to protect the inhabitants therefrom, and may remove such persons to a separate house, or to a pesthouse, or detention or other hospital, and shall provide needful assistance, nurses, medical attendance and supplies. If, in the judgment of said board, such person cannot be removed,

then he shall be cared for at the place where he resides in
the same manner as above provided.    In case of the
removal of more than one person to the same house, or to
any pesthouse, or detention or other hospital, said board
shall provide needful assistance, nurses, medical supplies
and attendance necessary for their proper care.    All bills
for expenses incurred in carrying-out the provisions of this
section, and in establishing, maintaining, or raising a
quarantine, including disinfection and the building and
furnishing of any pesthouse, detention or other hospital,
shall be filed with the clerk of the local board of health,
which board shall examine the same and act thereon at its
next regular meeting after the same have been filed with
the clerk, and shall certify the amount allowed by it thereon
to the county auditor, and the board of county supervisors
shall act upon said bills as thus certified at its first regular
meeting thereafter. . . . The forcible removal of sick
or infected persons, as herein provided, shall be effected by
an application made to any civil magistrate, in the manner
provided for the removal and abatement of nuisances, who
shall issue the warrant as directed in such cases, to remove
such person or persons to the place designated by the local
board of health, or to take possession of the condemned or
infected houses or lodgings, and such officer shall receive
a reasonable compensation for such services to be allowed
by said local board.

The first clause of the section clearly empowers the
local board of health, in all cases of infectious or con-
tagious diseases dangerous to the public health, to take
charge of the person or persons so afflicted, and to take
possession of the infected house or lodgings where they
may be.    Such control over the person and premises is
clearly manifest from the language used in the clause
itself, and in the last clause quoted herein, which provides
for the enforcement of the board's orders.    It is further
provided in the same clause that the local board shall
make such provisions as are best calculated to protect the
public from such diseases, and shall provide needful medical
attendance, nurses, assistance, and supplies.    The medical

attendance and other things enumerated shall be furnished at the residence of the diseased person, if, in the judgment of the board, it should be done; and it cannot be doubted that it is the duty of the board to make as complete provisions for the protection of the public where there is no removal to a pesthouse, as where there is such removal. The law does not absolutely require a quarantine. That is left to the discretion of the board of health, and under section 2570-a the board may take charge of the case and of the premises without in fact establishing a quarantine. The section then provides further: "All bills for expenses incurred in carrying out the provisions of this section, and in establishing, maintaining or raising a quarantine, including disinfection and the building and furnishing of any pesthouse," shall be paid by the county. Disinfection is here expressly made a charge against the county. But the appellant says that it is to be allowed only in case of a quarantine. But that, in our judgment, is too narrow a construction of the statute. Its entire purpose is to protect the public from the evil effects of infectious or contagious diseases, and it is made the duty of the board of health to make such provisions as shall, in its judgment, best afford such protection, and to this end the board is given absolute control over the diseased persons, and over the premises they occupy at the time. The board may quarantine, or it may remove the person, if it sees fit to do so; but, whether it does so or not, it may control the person and premises, and, in our judgment, in any and all events, it is just as incumbent upon the board to protect the public by the exercise of authority over the building, as it is by the exercise of authority over the person. It will not be claimed, we apprehend, that the expense of medical attendance and the like is not chargeable to the county under section 2570-a, where the board has assumed the control of such person; and if the board considers it necessary for the public welfare that the premises be disinfected, although

no quarantine has been maintained, we think the statute intended that the expense thereof should also be paid by the county. The statute leaves it with the board of health to determine what infectious or contagious diseases are a menace to the public health, and provides that the board shall also determine what steps shall be taken to best protect the inhabitants therefrom; and if, in the judgment of the board, it is wise to disinfect premises where no quarantine has been maintained it is clearly within its power to do so, and when it has done so we think the expense of such service is chargeable to the county under section 2570-a. Before the enactment of this section, there was no authority in the statute for holding the county liable for such service. *Schmidt v. Muscatine County,* 120 Iowa, 267. And the statute was undoubtedly changed to meet the holding in that case.

II. The plaintiff charged and was allowed $5 for disinfecting each building. On the trial, the defendant offered evidence tending to show that the charge was exces-

2. SAME: compensation for disinfecting: evidence. sive, and for that reason it contends that it was error to direct a verdict for the plaintiff for the full amount of his claim. The testimony thus introduced was that of two men who had disinfected buildings at other times, under the direction of the officers of the town, and it showed that the service rendered by the plaintiff in that respect was not of the value claimed. There was then a considerable conflict in the evidence as to such value, and we think the question should have been submitted to the jury. Plaintiff says in his argument, that after this testimony had been admitted, over his objections, and upon the presentation of the motion to direct a verdict, the trial court was of opinion that he had erred in admitting it. But this does not appear of record, and the evidence must be considered as in the case. Moreover, we are of the opinion that the evidence was competent. It is true that these men were not physicians,

nor experts in disinfecting, but their testimony showed what they had done, and the material they had used in the work, and the time taken, and the value of the material. If it was work that could be as well done by a nonprofessional, or nonexpert, as by the plaintiff, the county is not bound to pay more than its reasonable value, no matter by whom it was done. The approval of the bill by the local board of health was *prima facie* evidence only of the value of the service, and it was for. the jury to say what such value was, under the entire record.

III.   The evidence clearly showed that there was a ratification by the local board after the plain-

3. SAME: contracts: ratification.

tiff's service had been rendered; hence it was immaterial whether there was a prior contract. *Taylor v. Woodbury County,* 106 Iowa, 502.

IV.   There was no evidence before the jury tending to show that disinfection after measles was an unreasonable requirement on the part of the board of

4. SAME: issues.

health, and the reasonableness or unreasonableness of the rule was not a matter for the consideration of the jury.

.   For the reasons pointed out, the judgment must be *reversed.*