H. E. BARRETT v. HILL COUNTY ET AL.

Decided May 20, 1903.

1.—County—Quarantine—Employment of Physician.

The county physician has no authority to bind a county by employing physicians to treat smallpox patients except where the commissioners court has declared quarantine.

2.—Pleading—Amendment.

Refusing leave to withdraw announcement and amend pleadings will not be ground for reversal without a showing by the complaining party as to what amendment he could have made and sustained.

Appeal from the County Court of Hill. Tried below before Hon. L. C. Hill.

*A. S. Baskett, C. Moorman, J. E. Clarke,* and *Vaughan & Works,* for appellant.

*Wear, Morrow & Smithdeal,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellant sued Hill County to recover for services rendered by him as a physician to certain smallpox patients. He alleged that he was employed for the purpose by the county physician of Hill County.

Upon trial in the County Court, the jury were directed to find for the defendant.

The trial court held that the county physician had no authority to make a contract binding upon the county, unless the Commissioner's Court had declared quarantine, and this is the controlling question in the case.

Article 4339 of the Revised Statutes declares: "It shall be the duty of said county physician to establish, maintain and enforce local quarantine for his county *whenever declared by proclamation of commissioners court;* to furnish supplies, select medical assistants, guards and perform all other duties coincident to a reasonable, economic and consistent quarantine."

Article 4340 provides: "Whenever the commissioners court of any county has reason to believe that they are threatened at any point or place within or without the county limits with the introduction or dissemination of a dangerous, contagious or infectious disease that can and shall be guarded against by quarantine, *they may direct their county physician* to declare and maintain said quarantine against any and all such dangerous diseases; to establish, maintain and supply stations or camps for those held in quarantine; to provide hospitals, tents or pesthouses for those sick of contagious and infectious disease; to furnish provisions, medicine and all other things absolutely essential for the comfort of the well and the convalescence of the sick. The county

physician shall keep an itemized account of all lawful expenses incurred by local quarantine and his county shall assume and pay them as other claims against the county are paid."

Outside of these provisions, no authority is found which would make the county liable for services of a medical assistant, procured at the instance of the county physician. These articles clearly indicate the purpose not to authorize the county physician to incur liability on behalf of the county in such cases, except when quarantine has been declared by the commissioners court. This limitation upon his authority is plainly expressed in both of the articles and was doubtless prompted by a desire to guard the county against extravagance in these epidemics, which, at best, are expensive enough, and to place all expenditures under the supervision of the commissioners court. But whatever may have been the purpose of the Legislature, it is our duty to enforce the law as it is written.

Appellant, after objections had been sustained to certain evidence, because there was no allegation that quarantine had been declared by the Commissioners Court, asked leave to withdraw his announcement of ready and amend his pleadings to meet the views of the court, which was refused.

It is not stated or shown what facts could have been alleged which would have answered these objections, and without a showing that appellant could have alleged and proved facts creating a liability on the part of the county, we are unable to say that he has suffered any injury.

We find no error in the judgment, and it is therefore affirmed.

*Affirmed.*