J. C. WALKER, Appellant, v. BOONE COUNTY, IOWA, Appellee.

**Contagious Disease:** LIABILITY OF COUNTY FOR CARE OF PATIENTS: STATUTES. Where a physician seeks to enforce against a county a charge for attending persons afflicted with a contagious disease, under an employment by a city board of health, failure to show that such persons, or those liable for their support, are unable to pay expenses, will defeat recovery. Code, sections 2570 and 2571 construed.

*Appeal from Boone District Court.*—HON. W. S. KENYON, Judge.

MONDAY, JANUARY 18, 1904.

ACTION by plaintiff, a physician, to recover for professional services rendered, as alleged, at the instance and request of the board of health of the city of Boone, situate in the defendant county. The services consisted of taking charge of a smallpox hospital, or pest house, in said city, and in giving professional care and treatment to the inmates thereof. At the close of the evidence for plaintiff the court, on motion, directed a verdict in favor of defendant, and plaintiff appeals.—*Affirmed.*

*Ganoe & Hollingsworth* for appellant.

*C. I. Sparks* and *S. R. Dyer* for appellee.

BISHOP, J.—That the plaintiff performed the service for which he seeks to recover in this action is not denied. Nor is there any question that his claim for services was approved by the board of health of the city of Boone, and certified to the board of supervisors of the defendant county for payment. As expressed in the motion to direct a verdict, the liability of the county is denied upon substantially two grounds: (1) That it affirmatively appears from the evidence

that no employment of plaintiff by the board of health to perform the services in question was ever in fact made; (2) that it is not made to appear on behalf of plaintiff that the patients attended by him, or those liable for their support, are unable to compensate him for his services. Respecting the matter of the employment of plaintiff by the board, we are disposed to think the evidence was sufficient to take the case to the jury. But, in view of the conclusion reached by us upon consideration of the matter involved in the second ground of the motion to direct a verdict, there is no necessity that we enter upon a discussion of the question of such employment. The mayor and city council of each city in this state constitute a local board of health. Code, section 2568. And where it is made to appear that smallpox or other disease dangerous to the public health exists, the board has power to make provision for the care of the patients, and may remove the same to a separate house, or to a detention camp or hospital. It may provide nurses, needful assistance and supplies, which shall be charged to the patient, or those liable for his support, if able; if unable, it shall be done at the expense of the county. Code, section 2570; *Staples v. Plymouth Co.,* 62 Iowa, 364. By Code, section 2571, it is further provided, among other things, that all expenses incurred in the enforcement of the provisions of the Code relating to public health, when not otherwise provided, shall be paid by the city. The expression "when not otherwise provided," as used in this section, can have relation only to the provision made in section 2570 for charging matters of expense to the county, as the matter of the expense incident to the enforcement of the laws relating to public health is nowhere else referred to. Now, the reading of the provision in section 2570 is plain, and the meaning unmistakable. If the patient is unable to pay, and those liable for his support are unable to pay, then the county must bear the expense. The corollary follows that the county cannot be made to pay except that the conditions upon which its liability depends are made to appear. In the case before us the record does not

disclose that the plaintiff made proof that the patients attended by him and those liable for their support were unable to pay.  Such being the condition of the record, it follows that the trial court did not err in sustaining the motion for a verdict and entering judgment against plaintiff for costs.— Affirmed.