BOARD OF COUNTY COMMISSIONERS OF MARSHALL COUNTY v.
BOARD OF COUNTY COMMISSIONERS OF ROSEAU COUNTY.[1]

October 28, 1904.

Nos. 14,156—(58).

**Care of Patient Having Contagious Disease.**
    Under the provisions of section 7059, G. S. 1894, a county is not liable
to the various towns, villages, or cities throughout the state for expenses
necessarily incurred in caring or providing for a person having a legal
settlement in said county, who is afflicted with a contagious disease in
such municipalities, where the person so provided for is solvent.

Appeal by defendant from a judgment in favor of plaintiff for
$488.73 entered in the district court for Roseau county, pursuant to
the findings and order of Grindeland, J.   Reversed.
    R. H. Medicraft, for appellant.
    P. A. McClernan, for respondent.

DOUGLAS, J.
    Appeal by defendant from a judgment in favor of plaintiff.
The action was tried upon an agreed statement of facts, from which
it appears that in April, 1901, the village of Stephen, Marshall county,
necessarily incurred certain expense in caring and providing for one
J. D. Bronk, a resident of Roseau county, who was afflicted with a con-
tagious disease, to wit, smallpox, while temporarily in such village,
and who, it is agreed, was then solvent.   The board of county com-
missioners of Marshall county reimbursed the village of Stephen for
such expenses, and brought this action against the board of county
commissioners of Roseau county therefor.
    The validity of the judgment entered in favor of Marshall county
depends upon the construction to be given section 7059, G. S. 1894.
This section authorizes the board of health of any town, village,
borough, or city to provide for any resident thereof or person coming

1 Reported in 101 N. W. 164.

from abroad who may be afflicted with smallpox or other contagious disease. It in part reads:

> And shall provide for such person or persons nurses, medical attendance and other necessaries which shall be a charge in favor of such town, village, borough or city upon the persons so provided for, his parents, guardian or master, if able; otherwise upon the county in which he has a legal settlement, or upon the state, if said person be a nonresident of the state and has no property within the state.

This section, being section 15, c. 132, p. 182, Laws 1883, has been greatly confused with section 29 of said act, being section 7073, G. S. 1894, as amended by chapter 238, p. 379, Laws 1901, and since reamended by chapter 29, p. 78, Laws 1902.

The act of 1901 has reference solely to expenses incurred by towns, villages, or cities in the control of contagious or infectious diseases. It has no reference to expenses incurred in caring for individuals. The line between expenses incurred for the purpose of preventing the spread of such diseases and in caring for individuals may be a delicate one to draw, but it is clear the legislature in the two provisions referred to has fastened a liability upon the various counties of the state for necessary expenses incurred by the public authorities of the various towns, villages, or cities situated therein in preventing the spread of an infectious or contagious disease; while, on the other hand, by section 7059 it is clearly provided that the various counties of the state shall reimburse towns, villages, or cities either situated within or without their respective borders for necessary expenses incurred in providing nurses, medical attendance, and other necessaries for persons having a legal settlement in such counties, who are afflicted with an infectious or contagious disease, but only upon condition that they or their parents or guardians are financially unable to discharge such obligation.

As we construe section 7073, as amended, it deals solely with expenses incurred in controlling contagious diseases, and therefore has no application to the issues involved. Neither is it claimed but that the expenses incurred in the case at bar (for which it seems Marshall

93 M.—16

county reimbursed the village of Stephen) were incurred in caring for a resident of Roseau county who is solvent. It follows the action cannot be maintained against Roseau county.

Judgment reversed.